No. 100.—SPENCER C. ROGERS, plaintiff in error, *vs.* JOHN C. BATES, defendant.

[1.] In attachment, a claim may be put in after judgment.

[2.] "Where both parties *claim under the same third person*, it is sufficient to prove the derivation of title from him, without proving his title."

Claim, in Whitfield Superior Court. Decided by Judge TRIPPE, April Term, 1856.

This was an attachment sued out by Rogers, against one Taylor, and levied on a lot of land August 30, 1851. In July, 1852, a judgment for plaintiff was had on this attachment, and an order taken to sell said land. In September, 1852, the land was claimed by Bates, who held under a deed from Taylor, dated September 4th, 1851.

The plaintiff moved to dismiss the claim on the ground

that the claim had been interposed after judgment had been rendered in the attachment, and after an order had been made to sell the land. The Court over-ruled the motion, and plaintiff excepted.

The claimant was introduced as a witness, who stated, that he claimed under said deed from Taylor, and by no other title; that he bought from Taylor, who lived in North Carolina.

It was proven, that on the day the attachment was levied, the claimant had attempted to buy the land from one Mc-Clary, as the agent of Taylor.

Claimant then moved to dismiss the levy, on the ground that it was not shown that Taylor had either title or possession at the time of the levy.

The Court sustained the motion of claimant, and dismissed the levy; and on this decision, error is assigned; as, also, on the refusal of the Court to dismiss the claim.

WALKER, for plaintiff in error.

WRIGHT & SHROPSHIRE, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

The plaintiff moved to dismiss the claim, on the ground that it had been put in after the rendition of the judgment in the attachment, and after the making of the order of sale, which is consequent on such a judgment.

And the first question is, whether the Court was right in over-ruling the motion.

The Statute says, "That where any Sheriff or Constable shall levy any attachment on personal property, claimed by any person not a party to such attachment, such person, his agent or Attorney, shall make oath to such property; and it shall be the duty of such Sheriff or Constable to return the fact of such claim to the Court to which the attachment shall be made returnable; and such Court shall cause an issue to

Rogers *vs.* Bates.

be joined between the plaintiff and such claimant, and the right of property to be decided on at the same term," &c.

The Statute, in another part of it, which refers to this, says, " and in all cases of claims to lands levied on by virtue of any attachment, the proceedings shall be the same as those pointed out by the preceding section for claims to other property, except that such claim shall be returned to and tried in the Superior Court of the county where the land is situate." (*Cobb's Dig.* 72.)

The language is, not that the claim is to be returned to that *term* of the Court to which the attachment is returnable, but that it is to be returned to that *Court* to which the attachment is returnable—to that Court—not to a different Court.

Whenever, therefore, in any case, the claim has been returned to the same Court to which the attachment has been returned, this language is satisfied, although the claim may not have been put in until after the return term of the attachment.

And this, we think, has been the uniform interpretation of the Statute.

And it certainly appears to be the one which will work best for all persons interested in the attached property. It is to the interest of these all that the property, when sold, should bring its value. This it will be likely not to do, if it is sold with an outstanding title, ready to be asserted by trover or ejectment, against the purchaser. But if such outstanding title has been asserted in a claim case before the sale, it cannot be asserted in trover or ejectment after the sale.

While, therefore, we may say that it is better that the claim should be put in before the return term of the attachment, than after the judgment term, yet, we must also say that it is better that the claim should be put in after the judgment term, and at any time before the sale, than that it should not be put in at all ; and so, that the litigation should

be made to take the form of trover or ejectment, after the sale.

And then, too, there is this reason for making it a question, whether the interposition of the claim ought not, as matter of expediency, to be postponed until after the attachment passes into judgment; the attachment may never pass into judgment; and if it never does, there can never be any need for a claim at all.

It was argued, however, that the "order of sale" being an order to sell the property as the property of the defendant in the attachment, was a judgment of the Court, to the effect that the property was his, and that it was a judgment *ad rem;* and therefore, was *conclusive against all the world.*

But a judgment in attachment, is not a judgment to the effect, that the property attached is the property of the defendant in attachment. There is never any issue in an attachment on which such a judgment could be rendered. It is not in attachment cases, as it is in prize cases, that the *title* to the property attached or libelled is in dispute. In attachments, it is the debt that is the issuable matter.

And then, in prize cases, it is true, I believe, that any body may get a hearing. But in attachments, nobody can do so but the defendant or his representative. If, therefore, in the cases of prize, the judgment ought to bind every body, it does not follow, that in the cases of attachment, the judgment ought to bind every body.

On the contrary, there is a general principle, which amounts to saying, that in these cases, the judgment ought to bind none but the defendant in attachment, if him—the principle, that no man ought to be bound by proceedings of which he has no notice. And none but the defendant in attachment, f he, has notice of the attachment. The advertisement is not notice to the *whole world.* Attachment is but process—an expedient to compel the appearance of a party.

[1.] We think, therefore, that the Court was right in refusing to dismiss the claim.

The claimant moved to dismiss the levy, insisting that the

plaintiff had not proved a *prima facie* case of title in the defendant.

What the plaintiff had proved, was this: that the claimant claimed the land under a deed made to him by the defendant in attachment, and made a very few days after the levying of the attachment, and by no other title.

The Court sustained the motion, and we think, erroneously.

[2.] "Where both parties *claim under the same third person*, it is sufficient to prove the derivation of title from him, without proving his title." (2 *Green. Ev.* §307.)