Endsley v. Strock et al.

John Endsley, Defendant in Error, *v.* Henry L. Strock and David Strock, Plaintiffs in Error.

1. *Evidence — Admissibility of deeds — Agency.*—Where an heir at law undertakes to convey the inherited land, and in one part of the deed describes himself as agent for the heirs of the deceased, but in all other parts of the deed speaks of himself as the granting party, and executes the deed in his own name, the deed should be admitted in evidence as his own deed.

### Error to Linn Circuit Court.

*W. H. Brownlee* and *A. W. Mullins*, for plaintiffs in error.

*G. D. Burgess*, for defendant in error.

The deed from Henry McGee to Folger, even if not a good deed as to the other parties named in the body of the deed, is nevertheless good as against him. The words "agent for the heirs of Thomas McGee, deceased," in the body of the deed, are mere surplusage. The deed does not purport to be executed by him as agent. The covenants are by and for him alone. (Lapsley v. McKinstry, 38 Mo. 247; Sto. Agency, §§ 147, 155; Abbey v. Chase, 6 Cush. 54; Lessee of Clark *et al.* v. Courtney, 5 Pet. 349–50.)

Wagner, Judge, delivered the opinion of the court.

This action was ejectment for the recovery of a quarter-section of military bounty land. The material questions relate to the action of the court in admitting testimony. The land was originally patented by the general government, for military services, to Thomas McGee, who died unmarried and intestate, leaving as his heirs one brother and two sisters. The brother, Henry McGee, sold the land to one Folger in 1823, and he in the same year conveyed the same to the plaintiff, who has not resided upon the land, but has paid taxes on it ever since. The defendant claims under a conveyance from Pershing and Love, who admit that they received a deed for the land in 1866, knowing the same to be a forgery, and their purpose in taking the same was to get and hold possession thereof.

The first objection made is to the admission of the deed from Henry McGee to the plaintiff's grantor. Henry describes himself in one place in the deed, parenthetically, as the agent for the heirs of Thomas McGee, but no other allusion is made to his agency. The deed throughout speaks of him as the granting party, and is executed by him for himself and in his own name, without any reference to his acting for any other party besides himself.

The court admitted the deed as the deed of Henry McGee only, and in this we think there was no error. It was plainly his instrument, and conveyed whatever title he had. Nor do we perceive any objection to the admission of the deed as an ancient document. It was sufficiently proved and accounted for. It was shown that it came from the proper custody; that it was in the possession of the plaintiff and his grantor, who claimed the property, for nearly forty years; and that, relying on their title, they had paid taxes thereon during that period.

This showed a good title in the plaintiff for the interest of Henry McGee, and it was further proved that one of the sisters was dead, and that the remaining one had conveyed her interest to the plaintiff. As, upon the death of one sister, the whole title of the patentee vested in the surviving brother and sister, their respective conveyances completed the title in the plaintiff.

As regards the instructions, we see nothing which would justify us in disturbing the judgment. Taken together, they cover the whole case clearly and fairly. The question of limitation was justly submitted to the jury, and they found the issue for the plaintiff. The verdict is final.

Judgment affirmed. · Judge Bliss concurs. Judge Adams absent.