——————o——————

GEORGE L. BOBB, *et al.*, Plaintiffs in Error, *vs.* ROBERT C. BARNUM, *et al.*, Defendants in Error.

1. *Curator's deed—Failure to describe land as wards—Descriptio personœ.*— A curator's deed which does not in apt words convey the land as that of his ward, although signed by him as curator, and describing himself as such, is, strictly construed, his own personal deed.

2. *Curators—Deed of—Failure to recite appraisement, etc.*—A deed made by a curator conveying land of his ward, which fails to recite the order of court, appraisement, time, place and terms of sale, etc., (Wagn. Stat., 677, § 32) is for that reason defective, but not necessarily void.

3. *Curator—Sale of land by—Contract made prior to appraisement— Validity of sale how affected by.*—Sale of land by a curator is not rendered invalid merely by the fact that the appraisement is subsequent to the contract of sale, where the contract is made with the understanding that it cannot be finally consummated till further proceedings are had. In such case, where the requirements of the statute as to appraisement, report, etc. (Wagn. Stat., 677, § 32), are subsequently carried out, the law will be held, notwithstanding such irregularity, to be substantially complied with.

4. *Curator—Deed by, will not be canceled on account of defects, when report shows that perfect title can be conveyed and parties are willing to convey accordingly, etc.*—Where the report made by a curator and confirmed by the court, of the sale, by such curator, of land of his ward, shows that the purchaser is entitled to an absolute estate in fee in the premises, and it is shown that a perfect title can be transmitted, and parties aver their willingness to supply any defect which may exist in their deed conveying the land to the purchaser, there is no ground for rescission or cancellation on account of such defects.

Bobb, et al. v. Barnum, et al.

*Error to St. Louis Circuit Court.*

*M. Kinealy*, for Appellants.

I. The deed does not purport to convey the interest of the minors, and is void on its face as a deed of the minors' land. (Griswold vs. Bigelow, 6 Conn., 258 ; Lockwood vs. Sturdevant, 6 Conn., 373, 387 ; Strouse vs. Drennan, 41 Mo., 299 [motion for re-hearing] ; Valle vs. Fleming, 19 Mo., 463, 4th and following sentences in connection with, Wagn. Stat., 677, § 32 ; see McNear vs. McComber, 18 Iowa, 14 ; Sweet vs. Brown, 12 Met., 175 ; Blanchard vs. Brooks, 12 Pick., 47 ; Allen vs. Holton, 20 Pick., 463 ; Rawle Cov., 524 to 533, 3d ed.)

II. It is the rule now prevailing to permit the purchaser to recover the purchase money where there is a total want of title (without regard to warranties in the deed). (Herzo vs. The City of San Francisco, 33 Cal., 134 ; Holbrook vs. Holbrook, 30 Vt. [1 Shaw], 432 ; Reynolds vs. Harris, 9 Cal., 338 ; Phillips vs. Hudson, 2 Vroom, 338 ; Mackey vs. Collins, 2 Nott. & McC., 186 ; Furman vs. Elmore, *Id.*, 189.)

*Glover & Shepley*, for Respondents.

I. If there were in the conveyance no express transfer of the title of the infants, the deed would by force of the whole proceedings of which it is only a part, operate to pass their title, that being the object of the proceedings and the manifest intent of all the parties. But the deed in express terms conveys their interest, right and title. It mentions the infants by name and conveys all their right, title and interest in and to the lands.

A deed made by one as curator is sufficient. (Wagn. Stat., 677, §§ 33–36.) Our statute does not require particular recitals, as in 13 Wend., 465 and 20 Wend., 271 ; Robert vs. Casey, 25 Mo., 584.)

II. The approval of the sale is a judgment that passes the title. (Ror. Jud. Sales, 55, 57 ; Thompson vs. Tolmie, 2 Pet., 157 ; Cockey vs. Cole, 28 Md., 276.)

WAGNER, Judge, delivered the opinion of the court.

This was a bill for the rescission of the sale of certain real estate and asking that the money paid by the purchasers might be recovered back, and that certain outstanding notes which were given for deferred payments might be delivered up and canceled. By the bill, in substance, it is averred that on and prior to November 30, 1868, Fannie C. and Lucy D. Barnum were the owners in fee simple of tracts of land lying in Montgomery county, containing in all 560 acres; that R. C. Barnum, defendant herein, at the date last mentioned, offered said land for sale and represented that a conveyance by him would vest a good title, subject to a prior mortgage for five thousand dollars, and that, relying on these representations, plaintiffs purchased the land for $11,200.00, six hundred dollars of which was paid in cash, three thousand dollars in a note payable eighteen months after date, twenty-six hundred dollars which was to be paid in fifty-four months, and the $5,000.00 mortgage, the payment of which they assumed; that the defendant conveyed said land by deed on November 30th, 1868, to plaintiffs, and therefore plaintiffs made and delivered to him a deed of trust on the same land, to secure the payment of the notes; that when defendant made the foregoing deed he represented that it was good and sufficient to pass the title in fee to the land, subject to the mortgage, and the plaintiffs being under age, young and unversed in legal matters, confided wholly in the honesty of defendant, and did not discover the untruthfulness of his representations till a few days before the commencement of this suit; that defendant knew he had no title in the land at the date of the deed, and that his deed vested no title in plaintiffs; that plaintiffs had no title in the land when they executed their deed of trust, and that defendant, in order to defraud the plaintiffs, insisted that they should procure indorsers for the notes—which plaintiffs did; that one of the indorsers had since paid the three thousand dollar note, and one of the plaintiffs had paid that amount back to him. There was then an averment

that possession was taken under the deed by the plaintiffs; that they made permanent and valuable improvements on the premises, and that as soon as they ascertained that they had no title, they abandoned the possession and notified the defendants thereof. They prayed that defendants might be decreed to surrender up the notes; that judgment might be rendered in their favor for the moneys paid and for other relief.

The answer stated that the land belonged to Fanny C. and Lucy D. infant children and wards of the defendant; that at the October Term, 1867, of the Montgomery County Circuit Court, defendant as curator of said infants petitioned the court for the benefit of the infants, to convert the land into money, under the provisions of the statute, and that such proceedings were had; that at the said October Term the court ordered the land to be sold, and the same was sold to the plaintiffs; that no other representations were made but those contained in the deed and that the deed conveyed a good title to the plaintiffs; that the proceeds of the sale belonged to the infants and they were necessary parties; and that no notice of rescission or restoration of possession was given prior to the bringing of the suit. And there was an averment that plaintiffs had pointed out no defect in the deed conveying the land and that none existed, and, that if any there was, defendant was ready and willing to rectify the same and make a perfect conveyance at any time. Upon the pleadings, proof and exhibits, the court found for defendant.

The deed made by the defendant to the plaintiffs is informally and inartistically drawn. It is a deed containing full covenants of warranty, and states that it was made by the defendant, Barnum, curator of the estates of Fanny C. and Lucy D. Barnum, party of the first part, and, in consideration of the purchase money he grants, bargains and sells to the parties of the second part, the premises, and covenants that he will warrant and defend the title, &c. The deed was then signed by the defendant, with the addition, "Curator of Fanny C. and Lucy D. Barnum"—with his seal annexed. A strict, literal construction of the instrument would undoubt-

edly make it the mere deed of the defendant. Whilst the description and signing shows the intention to convey the lands of his wards, the draftsman did not use the apt words that should have been employed for that purpose.

It is insisted that the deed is void on its face, because it does not contain the recitals of the power under which the defendant assumed to act, and also that the defendant in reality had no power, as the proceedings which culminated in the authority were irregular.

It is true that the statute declares that the curator in making the deed, shall recite therein certain things in relation to the order of the court, appraisements, time, place and terms of sale, and that the recitals shall be *prima facie* evidence of the facts. (Wagn: Stat., 677, § 32.) The statutory recitals were not contained in the deed and it is certainly defective on that account.

The record shows that the contract of purchase was entered into between the parties, in August, 1868, and by the transcript of the judgment of the Montgomery County Circuit Court, it appears that at the October Term of the court in 1867, an order was made authorizing the curator to sell the land at either public or private sale, and requiring a report of his proceedings before he made a deed. It is further shown that on the 28th day of September, 1868, an appraisement was made, and that a report of the sale by the curator was then made to the court at its October Term, 1868, and duly approved. The deed was then executed on the last of November then next ensuing.

The point now urged is, that as the appraisement was not made till after the contract for the sale was entered into, the proceeding was irregular and ineffective. But this position cannot be sustained to the extent contended for. The agreement between the parties in August was executory, and made in view of the fact that the contract could not be finally consummated by the execution of a deed till further proceedings were had. An appraisement was then obtained, and afterwards the report was presented to the court, containing the

terms of the sale, accompanied by the appraisement, and the same was duly approved, and the report and the appraisement both spread upon the record. Under this authority, the curator afterwards proceeded to execute the deed. Although a slight irregularity existed in reference to the time the appraisement was made, still the law was substantially complied with, and every thing essential had been done when the deed was executed and delivered.

When the report was confirmed, it showed that the plaintiffs were entitled to an absolute estate in fee in the premises ; and some courts have gone so far as to hold that in cases of this kind in courts of general jurisdiction, exercising chancery powers, the court is the vendor, and its approval of the report is binding on the parties. Notwithstanding all this, the purchaser is still entitled to a conveyance, valid on its face. Whether, under all the circumstances of this case taken together, the deed, the report and approval, the plaintiffs would not be enabled to defend themselves, if ejectment were brought against them, is a question not necessary to be determined. But the defendants aver their entire willingness and ability to supply any defect that may exist in the deed. That they can make a conveyance that will transmit a perfect title is, I think, indisputable, and where such is the case, there can be no ground for rescission or cancellation.

As to the purchasers being deceived and imposed upon by false representations there is nothing in the record justifying the charge.

The question of infancy is not insisted upon by the plaintiffs in this court, and it is unnecessary to take any notice in regard to the points raised as to parties, jurisdiction, and offer to deliver up possession. The defendants brought into court and tendered to plaintiffs a deed from one Barlow, conveying the premises to them. But it is not shown what connection he had with the title, or whether his conveyance was worth anything. It is obvious, however, that defendants can make a title entirely unexceptionable, and as they are ready and

willing to do it plaintiffs cannot complain if they get what they contracted for.

The judgment should therefore be affirmed; all the judges concurring, except Judge Napton, who did not hear the argument.