## BROWN v. RAWLINGS.

1. Where one who was the sole devisee under a will and executor thereof undertook to convey, with covenant of warranty, realty of which his testatrix died seized and possessed, designating himself as grantor and executing the deed in his own name, such conveyance was properly admitted in evidence as his personal deed, notwithstanding the recital therein that "This sale is made by me to pay the indebtedness of [the testatrix], I being executor of the will, and to clear the estate of debts it is necessary to make this sale."

2. Where in a claim case the claimant relied upon such a conveyance, the duly probated will of the testatrix was admissible in evidence to show that the grantor in the deed was the executor and the sole devisee.   Evidence that he had paid all the debts of the testatrix from the proceeds of such sale was also admissible.    While, as an abstract proposition, this evidence was admissible, its introduction in the present case simply established a fact which neither party to the issue on trial was in a position to dispute.

3. There was evidence sufficient to authorize a finding that the security deed from the defendant to the plaintiff was made as a part of an usurious contract, and therefore was void.

Argued March 15, — Decided March 31, 1904.

Levy and claim.    Before Judge Holden.    Washington superior court.    June 4, 1903.

*Evans & Evans,* for plaintiff.
*Rawlings & Howard* and *Thomas W. Hardwick,* contra.

Fish, P. J.    An execution in favor of R. W. Brown against R. B. Jackson was levied upon certain realty, to which C. G. Rawlings interposed his claim.    When the claim case came on for trial, the claimant made the following written admission in open court, and assumed the burden:    " Claimant admits that on the 3rd day of May, 1895, the premises levied on . . were conveyed to the plaintiff in fi. fa. as security for debt, and that at the time of said conveyance said defendant in fi. fa. had legal title to said premises and was in possession of same; that the debt secured by said conveyance was regularly reduced to judgment with a special lien upon said premises, and the execution proceeding in the case . . was regularly issued thereon, and that before the levy in this case was made the plaintiff in fi. fa. had filed and recorded in the office of the clerk of Washington superior court an escrow deed to defendant in fi. fa., in accordance with the provisions of section 2724 of the Civil Code."    The claimant put in evidence the will of Sarah L. Jackson, duly probated in January, 1895, in which it

appeared that R. B. Jackson was the sole legatee of the testatrix, and that he was nominated as her only executor; also a warranty deed from R. B. Jackson to Wilson R. Rawlings, conveying the land in question, dated November 5, 1895; also a warranty deed subsequently executed by Wilson R. Rawlings to C. G. Rawlings, conveying the same property. There was also evidence in behalf of the claimant from which the jury could find that there was usury in the debt secured by the deed from Jackson to Brown. There was a verdict finding the property not subject. The plaintiff moved for a new trial, which was refused, and he excepted.

1. Complaint was made in the motion for a new trial that the court erred in admitting, over the objection of the plaintiff in execution, the deed from Jackson to Wilson R. Rawlings. This was an ordinary warranty deed, in the usual form, except that, following the description of the property conveyed and immediately preceding the habendum clause, there was this recital: " This sale is made by me to pay the indebtedness of Miss S. L. Jackson, I being the executor of the will, and to clear the estate of debts it is necessary to make this sale." The deed recited that R. B. Jackson was the party of the first part, and it was signed, "R. B. Jackson." The objection urged to its admissibility was that it appeared on its face to be an executor's deed, and that no authority was shown, either in the will or by an order from the court of ordinary, for the executor to sell the property. We do not think that the objection was well taken, as, in our opinion, the deed was not an executor's deed, but was the personal deed of R. B. Jackson. Where the grantor acts in a trust relation, it should appear that the conveyance is made by him in his representative capacity. "For unless apt words are used to transfer the title from the real party in interest, the deed, though it be signed by the trustee or executor, and designates him as such, will be held to be his own personal deed." 1 Devlin on Deeds, § 210, citing Bobb *v.* Barnum, 59 Mo. 394. In the deed under consideration there are no words of conveyance which indicate a purpose on the part of the grantor to convey the title as executor, and the deed is not even signed by him as executor. In Endsley *v.* Strock, 50 Mo. 508, it was held that where an heir undertook to convey inherited land, and described himself as agent for the heirs of the decedent in one part of the deed, but in the other portions desig-

nated himself as grantor, and executed the deed in his own name, the conveyance was admissible in evidence as his own deed. While the recital in the deed under consideration states that the grantor is executor of the will of Miss Jackson, it seems that his intention was to sell the property as his own, he being the sole legatee under her will, and with the proceeds of the sale to discharge the debts against her estate. But granting that his intention was to sell the property as executor, he did not accomplish that purpose by executing a conveyance as an individual. In this connection see *Terry* v. *Rodahan*, 79 *Ga.* 278.

2. The motion for a new trial further complained that the court erred in admitting in evidence the will of Miss Jackson, over the objection of the plaintiff that it was irrelevant, because it conferred no authority upon the executor to sell the property belonging to the estate; and that the court also erred in permitting the witness B. T. Rawlings to testify that, as the representative of R. B. Jackson, he had, with the proceeds of the sale of the land in question by Jackson to Wilson Rawlings, paid all the indebtedness of the estate of Miss Jackson. While, for reasons which will presently appear, we do not think it was necessary for the claimant to introduce this evidence, it was clearly not subject to the objection urged against it by the plaintiff. As an abstract proposition it was admissible, but its introduction simply proved something which needed no proof. As we have ruled that the deed from Jackson to Wilson Rawlings was not an executor's deed, it is immaterial whether the will conferred any power upon the executor to sell the property or not. The will did devise the property to R. B. Jackson, and it was admissible in evidence for the purpose of showing this. While there is no positive and direct evidence in the record that the land levied upon and claimed ever belonged to Miss Jackson, the deed from R. B. Jackson to Wilson Rawlings contained recitals which might be construed into an admission by the grantor that this was true. These recitals were as follows: "The lot herein conveyed is fully set out and described in a deed of conveyance from Wm. Watkins to Miss S. L. Jackson, recorded in book 'H' of deeds, clerk superior court Washington county, Dec. 18th, 1885. This sale is made by me to pay the indebtedness of Miss S. L. Jackson, I being executor of the will," etc. The will was, therefore, admissible in evidence

both for the purpose of showing that R. B. Jackson was the sole legatee of Miss Jackson and for the purpose of showing that he was the executor of her will; and the testimony of B. T. Rawlings, that all the debts of the estate had been paid with the proceeds of the sale of the land by R. B. Jackson to Wilson Rawlings, was also admissible. If the land belonged to Miss Jackson, and she devised it to R. B. Jackson, and he was the executor of her will, no one but creditors of her estate could object to his selling the land as an individual, instead of as executor; and if he took the proceeds of such sale and fully satisfied all such creditors, even they could not attack the validity of the sale. When Jackson executed and delivered the deed to Rawlings, he certainly conveyed to the latter whatever interest in the land he had at that time. If he then had an interest as sole legatee under the will of Miss Jackson, such interest passed to Rawlings, and when' the debts of her estate were all paid, the unincumbered title vested in Rawlings. But aside from this, neither the plaintiff in execution nor the claimant was in a position to deny that R. B. Jackson had held the legal title to the land. The plaintiff was seeking to subject the land as the property of R. B. Jackson, under a judgment against him which had been made a special lien on this land, by virtue of a security deed given by Jackson to the plaintiff; while the claimant was claiming under a deed from Jackson to Wilson Rawlings. It was admitted that the legal title was in Jackson at the time he executed the security deed to the plaintiff in execution. One side made this admission and the other relied upon it. Neither could deny it. So we do not see how the admission in evidence of the will of Miss Jackson could have hurt the plaintiff or benefited the claimant. The effect of the admission being that the legal title was out of the estate of Miss Jackson and in R. B. Jackson at the time he made the security deed to the plaintiff, and his individual deed to Rawlings being made subsequently to that date, we do not see how the will of Miss Jackson could injure one side or benefit the other. As both parties were relying upon Jackson's title, it was unnecessary for either to prove title in him. *Rogers* v. *Bates*, 19 *Ga.* 545.

3. As the case was submitted to the jury, the question for them to consider and determine was, whether there was usury in the consideration of the security deed from the defendant in execu-

tion, Jackson, to the plaintiff in execution, Brown. If there was, this deed, under the provisions of the Civil Code, § 2892, was void; and as the plaintiff's judgment was obtained after Jackson had conveyed the property to Wilson Rawlings, and he having conveyed it to the claimant, the verdict finding the property not subject to the plaintiff's execution naturally followed. As there was evidence from which the jury could have found that the deed from Jackson to Brown was infected with usury, the verdict was not without evidence to support it.

*Judgment affirmed. All the Justices concur.*