Wolff and Speck v. Wohlien.

stantial compliance with the contract, and then the plaintiff would be entitled to recover.

*Glover* and *Shepley*, for appellants.

*Knox* and *Kellogg*, for respondent.

———————

JOHN WOLFF AND ANN C. SPECK, Appellants, v. L. RUDOLPH WOHLIEN *et al.*, Respondents.

*Appeal—Final Judgment.*—A judgment of the Circuit Court upon an appeal from the County or Probate Court, refusing to approve the report of sale of the real estate made by the administrator, is not a final judgment from which an appeal lies to the Supreme Court. (R. C. 1835, p. 53, § 20.)

*Appeal from approval of Sales.*—An appeal lies to the Circuit Court from a judgment of the County Court, approving the report of the administrator's proceedings in the sale of real estate, under the 6 s. d. of § 1, art. 8, of the administration act of 1835. (R. C., p. 63; Wilson v. Brown, 21 Mo. 410, affirmed.)

Wolff and Speck v. Wohlien.

*Appeal—Proceedings.*—The proceedings in an appeal from the judgment of the County Court in 1857, approving an administrator's sale of real estate made under the R. C. of 1835, must be conducted in accordance with the statutes in force at the time the appeal is taken. (R. C. 1855, p. 1025, § 16.)

## Appeal from St. Louis Circuit Court.

After the decision of the Supreme Court, in the case of Speck v. Wohlien, in 22 Mo. 310, deciding that the approval of the administrator's report of sale at the same term at which the sale was made was void, the plaintiff, with John Wolff, the surviving administrator, in 1857, filed their petition in the St. Louis Probate Court, praying an approval of the sale of the real estate made by the administrators at the March term, 1845. They notified the heir, L. Rudolph Wohlien, and Charles Gibson, John Riggin, and Archibald Gamble, who claimed as purchasers of part of the interest and claim of the heir (L. R. Wohlien) to the premises sold. These parties opposed the approval of the sale in the Probate Court, which, at September term, 1857, duly approved the report of the sale made in 1845, from which decision the heir and said Gamble appealed to the St. Louis Land Court. By consent, the venue was changed to the St. Louis Circuit Court, which, upon a hearing of the cause, refused to approve the sale, and the plaintiff appealed to the Supreme Court.

In the Supreme Court, the respondents filed their motion to dismiss the appeal, for the reasons—1. That it was apparent from the record that there was no final determination of the matter; 2. That no appeal lies on the part of the administrator or bidder at the sale from an order of the court below refusing to approve a sale of the real estate; and, 3. That the Supreme Court had no jurisdiction to reverse or revise the order and judgment of the Circuit Court made in the cause.

In the Circuit Court, the appellants moved to dismiss the appeal of respondents from the Probate Court for the reason that it was not taken in accordance with the Rev. Code of 1835, the law in force at the date of the sale; which was over-ruled.

9—VOL. XXXII.

*R. M. Field, C. Gibson*, and *S. T. Glover*, for respondents.

I. There is no final determination of the proceedings of sale from which an appeal can lie.

1. The sale is made, by law, subject to the approval of the court, and until this is done no rights have accrued. If the sale be not approved, the statute declares that " his proceedings shall be void, and the court may order a new sale." (R. C. 1835, p. 53; R. C. 1845, p. —; R. C. 1855.) How can the court order a new sale if the administrator or bidder can appeal from the refusal of the court to approve? " If such report be approved, the sale shall be valid." (R. C. 1835, p. 53, § 25.) No appeal lies from a Probate Court refusing to order a distribution. (Dyer v. Carr's Ex's., 18 Mo. 248.) The approval is the crowning act of the sale. (Vallé v. Fleming, 19 Mo. 454.)

2. The object of the law is to protect the estate, deeming that bidders are capable of protecting themselves. No wrong can be done the bidder, for he can bid at the second sale.

3. The order of sale remains unimpaired (if in this case it is not lost by time). (R. C. 1835, p. 53, § 22; R. C. 1845 & 1855.)

4. Wherein is this case different from a judgment in partition where the court refuses to approve the report of commissioners and recommits it to them? In the latter case, this court has held that no appeal lies until a final confirmation of the report. (Ivory v. Delore, 26 Mo. 506; Stephen v. Hume, 25 Mo. 350.)

5. Refusing to approve the sale and ordering a new one is like the granting a new trial in which no appeal lies.

6. This is not the case where the judge refuses to discharge a legal duty in passing upon the report, nor is the question raised as to whether he could be compelled to pass upon the validity of the sale. He has discharged his duty, and has held that the sale was " fraudulently brought about and conducted by the purchaser, who was one of the administrators, for her own profit," and has refused to approve it.

II. The sale is made upon the condition that it shall be approved by the court, and the lawful exercise of this discretion cannot be complained of by the administrator, who is the instrument of the court, and subject to its orders. Nor has the administrator any interest in the real estate. The bidder has no right to appear or appeal. (R. C. 1835, p. 53, § 20.) His bid being an offer to purchase *upon condition* that the court shall approve the sale, he cannot complain. An appeal lies where there is an approval, for this is a final judgment. (Wilson v. Brown, 21 Mo. 410.)

*B. A. Hill* and *A. Burwell*, for appellants.

I. The approval of the sale of June, 1845, made in June, 1857, by the Probate Court, on the petition of the surviving administrator, is final and conclusive upon the question as between the heir and the administrator, and no appeal lay to the Circuit Court from the order of approval, except upon the conditions of the act of 1835, under which the proceedings were had for the sale of this property.

An appeal would lie from the order of sale made in March, 1845, but not one of the twelve subdivisions gives any appeal from the order of approval of the sale.

The second section of the act of 1835, title Adm'n, art. viii., declares that in all proceedings under this act not above enumerated, the order or decision of the County Court shall be final.

The approval by the Probate Court of the sale of June, 1845, as made in June, 1857, was of the sale made under the act of 1835, under which all the proceedings for the sale were had, and the practice is governed by the laws in force when the proceedings were had, and the confirmation must of necessity relate back to the day of sale, and operate as an approval of that day. Therefore, as no appeal lay under either of the twelve subdivisions of section one, of article eight, of Code of 1835, section two makes the approval of the Probate Court of the sale final. The case in 21 Missouri arose under the act of 1845, and there is no doubt that an appeal lay under

the act of 1845. The question was not before the court whether an appeal would lie under the act of 1835. (See Goelet v. Lansing, 6 John, ch. 75.)

As to the effect of an approval by the Probate Court, in 1845 and 1857, that is quite another question, and will be determined when the parties claim title to the land under the approval and deed.

The sole object of the proceedings under the order of the Probate Court in 1857, is to cure a technical defect in the forms of approval of the sale of June, 1845.

It has been decided by this court, in the case of Speck v. Wohlien, 22 Mo. 314, that the approval having been made at a time when the heir was not in court, and not required to be there, he had no opportunity to take an appeal; and, therefore, that the approval was void as made in June, 1845.

The question as to the effect of the approval was not before the court, and the brief of the counsel of the plaintiff, Mrs. Speck, does not show that the point was raised as to the effect of the approval in 1845.

The approval was irregular, for the reason that it was made at the same term as the sale, and was held to be void for that reason; but it is a mistake to aver that it was void because the heir could not take an appeal, or had no opportunity of doing so. The appeal could only be taken from the order of sale under the act of 1835, and the approval was final if made according to the statute. If the approval be void or voidable, it is for irregularity; for no appeal lay from the order of approval according to the act of 1835.

In the same case of Speck v. Wohlien, 22 Mo., this court intimated an opinion that the defect might be remedied by the Probate Court on notice to all those interested, (p. 317.) The better opinion seems to be that the approval was only voidable for irregularity, and a subsequent approval at any time, on notice, would make the sale valid and effectual, and cure the irregularity. (See also Vallé v. Fleming, 19 Mo. 464.)

Under this view of the case, the petitioner, Mrs. Speck, in

accordance with the intimation of this court, moved the Probate Court, on notice to all parties, for an approval of the sale of 1845. The court approved the sale of 1845, and the defendants filed their affidavit and bond for an appeal in accordance with the statute of 1855.

By the act of 1835, under which these proceedings were had, the appeal, if allowable on the order of approval in 1857, would not authorize a trial *de novo* in the Circuit Court, but only brought up the record. Sections six, seven and eight, article eight, Code 1835, provide for a bill of exceptions, a transcript, and a determination of the points or decisions excepted to ; and if there be an error on any material question of law or of fact, a new trial shall be granted, &c. It has been pretended, in the Circuit Court, by the defendants, that the appeal from this last approval of 1857 is governed by the statute of 1855. This is not so, as will be seen from an examination of the eighth article of 1855, p. 174. The twelfth subdivision of section two, article eight, adds to the Code of 1835 the following further grounds of appeal: " and in all other cases where there shall be a *final decision* of any matter arising *under the provisions* of this act." The same provision is found in the Code of 1845. It is clear that this additional ground of appeal only applies to the cases that arose under the acts of 1845 or 1855. This case did not arise under either of those acts, but under the act of 1835. The order of approval applied to the sale made and proceedings had under the act of 1835, and the practice must be in accordance with the Code of 1835, under all the analogies of the practice. There is no escape from this conclusion, if the spirit or letter of the statute be regarded. (See Goelet v. Lansing, 6 John, ch. 75.)

The Circuit Court, then, had no power to try the case *de novo*, and the appeal brought up nothing but the appraisement, notices of sale, and the petition, answer and order of approval. There was no error of law on the face of the record, and the decision of the Probate Court should have been affirmed, even if it be held that an appeal would lie in such a

case. (See Davis v. Davis, 4 Mo. 204; Chouteau v. Consone, 1 Mo. 350; Mullanphy v. St. Louis County Court, 6 Mo. 563, and Rev. Code of 1835, 1845, and 1855, tit. Adm'n, art. 8; Lacy v. Williams, 27 Mo. 280; Chouteau v. Nuckolls, 26 Mo. 278; County of St. Louis v. Sparks, 11 Mo. 203.)

The plaintiff raised this question distinctly by instructions. The defendants have even had the boldness to move to dismiss the appeal of plaintiffs on the ground that no appeal lay to this court in such a case. The judgment of the Circuit Court should therefore be reversed, and the approval of the sale by the Probate Court affirmed.

DRYDEN, Judge delivered the opinion of the court.

It appears from the record that, in August, 1842, Diederich Wohlien died seized of three and a half acres of land in commons of St. Louis—the property in controversy—leaving a widow, Ann Wohlien and one child (the respondent, L. Rudolph Wohlien,) his only heir. Soon thereafter, his widow and the appellant Wolff were appointed the administrators of the estate by the St. Louis Probate Court; and at the March term, 1845, of said Probate Court they procured an order for the sale of the real estate to pay the debts of the deceased; and at the June term, 1845, they sold the same at auction, when Ann Wohlien, the widow and administratrix, became the purchaser of the premises in controvery for the sum of four hundred and twenty dollars. A report of the sale was made by the administrators to the Probate Court and approved at the same term at which the sale was made. No further action of the court in regard to the sale or report was had until that hereinafter mentioned. In 1846, Mrs. Wohlien sold the premises in controversy to Mrs. Speck, the appellant. About the year 18—, a final settlement of the estate was made by the administrator, and soon thereafter Mrs. Wohlien died. At the June term, 1857, of the Probate Court, the appellants, Mrs. Speck and John Wolff, presented their petition praying said court to approve said sale—they having first notified the respondents of their intention to present the petition, and its

purpose.   The respondents appeared and answered the peti-
tion, urging numerous reasons why the sale should not be
approved, but not necessary for the purposes of the case to be
stated here.   A trial was had, and the court took the case
under advisement until the September term, 1857, when it
made an order approving the sale, from which the respond-
ents appealed, without any bill of exceptions, to the Land
Court, where, by consent, the venue was changed to the Cir-
cuit Court, in which a trial anew was had, which resulted in
an order reversing the judgment of the Probate Court, and
disapproving the said sale, from which the appellants appealed
to this court.

From the view we have taken of the question of the juris-
diction of this court we shall be obliged to forego an investi-
gation of the merits, and suffer the case to stand where the
Circuit Court left it, and we might content ourselves with
the disposition of the question of our own jurisdiction; but
as the counsel have discussed in the argument several other
questions of jurisdiction, and desire us to give our opinion
upon them, we will do so in the order in which the questions
arise in the progress of the case.

1. When the case reached the Circuit Court by appeal, the
appellants in this court, Speck and Wolff, respondents there,
presented the question, and urge it in this court, " Does an
appeal lie from the Probate to the Circuit Court, from an
order of the former approving a sale of real estate made by
an administrator to pay debts ?"

The question is made upon the phraseology of the sixth
subdivision of the first section of the eighth article of the
administration law of 1835, (R. C. 1835, p. 63,) which
reads as follows, in its connexion with its head: § 1. "Appeals
shall be drawn from the decision of the County Court [Pro-
bate Court] to the Circuit Court in the following cases."
" Sixth. On orders for the sale of slaves and real estate."

The appellants make a distinction between the order of
sale and the succeeding order approving the sale, and insist
that while an appeal is given from the first order  it is denied

the second. The same question was before this court in the
case of Wilson *et al.* v. Brown's administrator, (21 Mo. 410,)
and the same distinction was attempted to be made, when
Judge Ryland, in delivering the opinion of the court, said:
" It will not do to limit the appeal to the first order made in
regard to the sale to the order directing the sale only, and
not to any other orders made concerning such sale." " We
read the sixth clause thus : ' On all orders *concerning* the
sale of slaves and real estate.' " The court further says:
" We, then, answer the question in the case in the affirmative,
having not the least doubt that an appeal will lie in this
case"—a case of an appeal from an order approving an admin-
istrator's sale. But the appellants object to Wilson v. Brown
as authority in this case, because the opinion was made under
the law of 1845, which changes the law of 1835, which, it is
urged, governs the appeal in this case by adding to the
twelfth subdivision of the section classifying the cases in
which an appeal shall be allowed the following words, viz:
" And in all other cases where there shall be a final decision
of any matter arising under the provisions of this act." (R.
C. 1845, p. 106.) It is true the case of Wilson v. Brown
was decided under the law of 1845, but it is likewise true the
decision was distinctly based upon the construction of the
sixth subdivision of the section, which is identical with the
corresponding sub-division in the law of 1835, without the
slightest allusion to the additional words in the twelfth sub-
division as a ground of support. We, then, concur with the
court in the case of Wilson v. Brown in answering the ques-
tion that an appeal does lie from the Probate to the Circuit
Court on orders approving the sale of real estate to pay debts.

2. The proceedings for the sale of the land, it will be
observed, were initiated under the law of 1835, by which the
Circuit Court as to cases brought from the County Court
was merely a court of review for the trial of questions arising
upon the record, (R. C. 1835, p. 63,) and not a court for
the trial of questions of fact *de novo*, as under the law of
1845 and 1855. The trial of the motion to approve was had

in the Probate Court, and the appeal taken, without any bill of exceptions, while the law of 1855 was in force, and just as if the proceedings had all transpired under this law.

In this state of the case, the question is made by the appellants whether there was anything brought into the Circuit Court by the appeal which it could lawfully try, and whether it ought not to have dismissed the appeal on appellants' motion.

This involves the question whether the law in force at the commencement of the proceeding, or that at the time of the trial shall, determine the manner of the appeal and the jurisdiction of the appellate court. This question is answered by section 16, ch. 101, R. C. 1845, p. 698, and carried into the revision of 1855 in these words:

" § 16. No action, plea, prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provision had not been repealed, except that all such proceedings had after the time of taking effect of the revised statutes shall be conducted according to the provisions of such statute, and shall be in all respects subject to the provisions thereof so far as they are applicable."

We say, then, that the law in force at the time of the trial was the law that controlled the appeal, and that in this case the appeal was well taken, and the Circuit Court properly refused to dismiss it.

3. The last question for our consideration made by the respondents is, " is the order of the Circuit Court *disapproving* the sale such a final decision as may be appealed from ?"

The law requires the executor or administrator, at the next term after the sale, to make a full report of his proceedings, (R. C. 1835, p. 53, § 20,) and " § 21. If such report and proceedings of the executor or administrator be not approved by the court, his proceedings shall be void, and the court may order a new sale, upon which the same proceedings shall be had as upon the original order." " § 22. If such report be approved, the sale shall be valid," &c.

It is plain to be seen, that until a sale of the estate proposed to be sold is approved by the court, it still retains its power and jurisdiction over the subject of the proceedings, and while this is the case, it cannot be said there has been any final decision. It may be likened to the judgment of a court granting a new trial which it requires; the citing of no authority to prove is not such a final decision as may be appealed from, or to the refusal of a Probate Court to order distribution which has been held by this court not to be such final decision as may be appealed from. (18 Mo. 246.)

We are clearly of the opinion no appeal lay in this case from the judgment of the Circuit Court disapproving the sale, and that its judgment must stand.

The appeal from the Circuit Court is therefore dismissed.

Judge Bay concurring; Judge Bates not sitting.