GILBERT *et al.*, *Appellants*, v. COOKSEY.

**Administrator's Sale**: REPORT OF SALE: INSUFFICIENT DEED: PURCHASER'S EQUITY FOR A DEED. In an action of ejectment it appeared by the records of the probate court that a sale of several parcels of land had been made by an administrator in obedience to an order of the court, and had been approved by the court. It appeared, also, that the purchase money had been paid in full, and the purchaser had been put in possession of the tract in controversy by the administrator, but the deed, which he received, did not in terms describe the land. It did, however, use the description employed in the report of sale, which, after enumerating several tracts by their numbers, stated that they contained in the aggregate 353 74-100

acres. It was shown by parol evidence that all the lands of the decedent amounted to exactly 353 74·100 acres, including the tract in controversy, and that they constituted a farm, the dwelling house and orchard of which were on this tract. Defendants claiming under this sale; *Held*, that, as *bona fide* purchasers, they had rights which a court of equity would enforce; that, although for want of explicitness in the description, the administrator's deed might not convey the legal title, yet the same degree of particularity is not required in a report of sale as in a deed, and since it sufficiently appeared that the tract in controversy was in point of fact sold and paid for, as against the plaintiffs, who were heirs of the decedent, defendants were entitled to the land; and accordingly there was a decree vesting the title in them.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

*M. A. Fyke* for appellants.

*Crittenden & Cockrell* and *Elliott & Jetmore* for respondent.

HENRY, J.—This is an action of ejectment instituted by plaintiffs to recover possession of lot two of the northeast quarter of section 1, township 46, range 24, in Johnson county. Plaintiffs claim the land as heirs at law of Jacob Gilbert, deceased, and defendants claim through a sale by the administrator of the estate of said Gilbert, under an order of the county court of Johnson county made in 1865. The sale was regular in all respects, embracing several other tracts of land, and the only question is, whether the land in controversy was included in said sale, and in the report of sale made by the administrator to and approved by the court.

Defendants rely, as a defense, upon an amended report of sale and deed executed accordingly, made by the administator of said estate after final settlement; and for an additional equitable defense, allege that the land in question was sold by the administrator, under order of court, for payment of debts; that the proceeds of sale were so

applied; that at said sale Samuel Workman purchased this tract, with the other lands of the deceased, and paid for said lands $2,800, furnished by Mrs. Cooksey, taking a deed from the administrator to himself; that he afterwards conveyed all of said lands to Cooksey and wife by deed, including the land in question; that by mistake, the administrator omitted from his report a particular description of the land in controversy, but that by the general terms of the report it was embraced; that the same omission occurred in the deed, which, in the description of the land conveyed, followed that of the report.    Counsel for appellants misconstrue the answer.    It does in one place allege that this land was omitted from the report, but afterwards it distinctly states that the general terms employed embraced the land in controversy, and the first allegation in the answer on that subject evidently relates to a minute description of the tract.

The evidence shows that the lands particularly described in the report, and the tract in dispute, were all the lands owned by Jacob Gilbert, deceased, in the aggregate 353 74-100 acres; that the southwest quarter of the southeast quarter, and the east half of the southwest quarter of section 36, township 47, range 24, the east half of lot two of the northwest quarter of section 1, township 46, range 24, and lot two of the northeast quarter of section 1, township 46, range 24, amounted in the aggregate to 268 acres, and constituted a farm, the dwelling house and orchard of which were on the tract in dispute; that the west half of lot two of the northwest quarter and the west half of lot one of the northwest quarter section 6, township 46, range 23, contained 85 74-100 acres—the aggregate of all the land being 353 74-100 acres; that on the day of sale, the 10th day of June, 1865, the administrator of said estate, Wm. Zoll, delivered to said Workman a receipt for $1,900, part payment for lands therein described, embracing all the lands of said decedent.

On the 14th day of August, 1865, he made a report

of the sale to the county court of Johnson county, reciting the order of sale, appraisement of the lands and the sale, in which report is the following recital: " The undersigned (administrator, &c.) would respectfully state that in pursuance of an order of said court made, &c., he did cause to be appraised, on the 23rd day of March, 1865, by, &c., the southwest quarter of the southeast quarter of section 36, township 47, range 24, the east half of the southwest quarter of section 36, township 47, range 24, and the east half of lot two of the northwest quarter of section 1, township 46, range 24, containing 268 acres, more or less." It is then stated that the value of the land so appraised was fixed by the appraisers at $3,216. It then proceeds to state, that on the same day he caused to be appraised the west half of lot two of the northwest quarter and the west half of lot one of the northwest quarter of section 6, township 46, range 23, containing 85 acres, which were appraised at $371.12. " The whole lands appraised at $3,587.12, as will more fully appear by reference to the certificate of appraisement hereto annexed." It will be seen that the administrator reported, and the court approved, a sale of 353 74-100 acres. The tract in controversy was required, with all the other lands of the intestate, to make that quantity. The lands reported as sold were valued by the appraisers at $3,587.12. The tract in question must be included to make that aggregate valuation.

The appraisement was introduced as evidence against plaintiff's objections, but we see no error in that. It was a part, and an essential part, of the preliminaries to the sale, and shows, we think, very clearly, in connection with the report, what lands were sold by the administrator. Objections were made to the introduction of the receipt for part of the purchase money given by the administrator to Workman. It was given on the day of sale, and may be regarded as a part of the transaction itself. But however that may be, there was an abundance of documentary evidence, without the receipt, to show that this land was sold,

and the sale was reported to and approved by the court. The land was embraced in the report with sufficient certainty to have authorized the administrator to convey it by particular description in the deed. The deed, however, following the description contained in the report may not be sufficiently explicit to convey the legal title, yet as the report embraces the tract in the general terms employed, and in the number of acres reported as sold, and the defendants have paid $2,800 for the land, they have rights which a court of equity will recognize and enforce. *Jones v. Manley*, 58 Mo. 557; *Valle's Heirs v. Flemming*, 29 Mo 152; *Evans v. Snyder*, 64 Mo. 517. The same particularity of description is not required in a report of sale of lands by an administrator which is necessary in a deed. If the records show an approval of the sale of a given tract, although no such description of the land is to be found in the report as would be necessary in a deed, it would authorize the administrator to make a sufficient deed, or a court of equity, on his failure to do so, to vest the title in the *bona fide* purchaser.

It is unnecessary to notice the point made on the amended report, and the deed of the administrator in pursuance thereto. The judgment of the circuit court is affirmed. All concur.

AFFIRMED.