SNIDER v. COLEMAN, *Appellant.*

1. **Administrator's Informal Deed**: EJECTMENT. If an administor's deed to land sold for the payment of debts of his intestate, be wanting in formality, (as, if it lack a seal, or be not properly acknowledged and certified,) it will still vest in the purchaser at least an equitable title; and if the facts are properly pleaded, will con-

stitute an equitable defense to an action of ejectment brought by the heirs of the deceased against one claiming under it.

2. **Pleading:** PRAYER FOR RELIEF. If the answer contains a prayer for general relief, the court may give any relief consistent with the case made by the answer.

*Appeal from Carter Circuit Court.* — HON. R. P. OWEN, Judge.

REVERSED.

This was an action of ejectment brought by plaintiffs as heirs at law of Samuel C. Snider, deceased. Defendant, by way of equitable defense, alleged in his answer that the land in controversy had been sold by the administrator of the said Samuel C. Snider, acting under an order of the probate court, for the payment of debts of the estate, to one Kennard, from whom defendant had purchased for value and without notice of any infirmity of title, and that he and his grantor had made large and valuable improvements on the land in good faith, and prayed to be subrogated to the rights of all creditors of the estate, and that an accounting be had, and for general relief. At the trial the deed to Kennard and the certified copy thereof from the recorder's office were offered in evidence. The latter indicated that the deed had been duly sealed, and there was testimony that a seal had been appended to it, but the deed itself bore no seal at the time of the trial, and was objected to on this ground, and because it was not properly acknowledged and certified. The objection was sustained, and the deed was excluded. Plaintiffs had judgment, and defendant appealed.

*Ewing & Hough* and *Wm. Carter* and *J. F. T. Edwards* for appellant.

*Belch & Silver* for respondents.

SHERWOOD, C. J.—Any discussion on the point of the

legal sufficiency of the administrator's deed, will not affect the conclusion which should be reached. If plaintiffs were the heirs at law of him under whom they claim, it is sufficient to observe that the land was sold for the debts of their alleged ancestor, and if the deed referred to is lacking in formality, this lack will not avail plaintiffs, as the purchaser at the administration sale, Kennard, under whom defendant claims, acquired an equitable title at least to the land in controversy, which title constitutes, when properly pleaded, as is the case here, an equitable defense to the action. *Long v. The Joplin Mining & Smelting Co.*, 68 Mo. 422.

And the prayer for general relief, with which the answer concludes, authorized the court to give any relief consistent with the case made by the answer. *Siemers v. Kleeburg*, 56 Mo., *loc. cit.* 201; *Pomeroy v. Benton*, 57 Mo. 531. These views compel a reversal of the judgment. All concur.