## Henry et al., Appellants, v. McKerlie.

1. **Administrator or Curator's Sale:** WHEN APPROVED, VESTS TITLE, WITHOUT MORE. When a sale by an administrator or curator under an order of court has been regularly approved by the court, this fact of itself passes to the purchaser an equity for the legal title, which equity, notwithstanding an irregular deed or the want of any deed, the court will enforce in his favor by denying recovery in ejectment by the heirs, or by vesting him with the perfect title; provided, always, that he has on his part complied with the terms of the sale.

2. ———: WHEN NOT APPROVED, PURCHASER'S EQUITY: ITS NATURE AND EFFECT: ESTOPPEL. When the sale has not been approved, no title either legal or equitable passes to the purchaser; but he has an equity for a return of the purchase money, and re-imbursement for the benefits received by the heirs and for improvements which enhance the value of their lands. The extent of this equity is to be ascertained by an account of his expenditures and receipts. The effect of it is to suspend the right of recovery until the amount coming to him shall be ascertained and paid. It is administered upon the theory that the title has not passed to the purchaser, but that he has a charge or lien for his outlays and improvements made in good faith. It does not spring from or depend upon the law of estoppel; neither does it exclude the purchaser from lawfully claiming the title under the law of estoppel in a proper case.

3. ———: WHEN PREMATURELY APPROVED—IN THE CIRCUIT COURT. When the sale has been prematurely approved in the circuit court, as this is a court of general jurisdiction, the sale is valid, and the equity of the purchaser is for a perfect title, and will defeat recovery in ejectment.

4. ———: ———, IN THE PROBATE COURT. When the sale has been

prematurely approved in the probate court, this fact was by the earlier decisions in this State regarded as equivalent to no approval at all. The sale was regarded as absolutely void and passing no title either legal or equitable, and the purchaser had only such equities as he would have had if there had been no approval. But this doctrine has been overruled by the later decisions, and such sales are now held to be as valid as if the approval had been in the circuit court, on the ground that the same presumptions of validity must be entertained in respect to judgments and orders of the probate court in matters relating to the administration of estates, as are accorded to the judgments and orders of the circuit court.

5. ————: EVIDENCE OF APPROVAL. The approval of the sale by the court need not necessarily appear by a formal entry. It is sufficient if the approval can be gathered from the whole record. The equity for a title is then complete.

6. ————: APPEAL. An appeal from a final order of the circuit court disapproving a sale which has been approved by the probate court before appeal to the circuit court, may be taken to the Supreme Court.

7. ————: PLEADING. The facts which constitute an equity under the foregoing rules must be pleaded in order to be available as a defense to an action of ejectment. It is not essential to the validity of a curator's deed that it should recite the order of sale, appraisement, report of sale and approval of sale. The statute requires these recitals to be made; but this is only directory. If the facts exist they may be shown *aliunde* to support the deed.

The deed in this case referred to the order of sale and the court and term at which it was made, and the curator assumed in it to act only in his fiduciary capacity. *Held*, sufficient to pass the title.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*L. T. Collier* for appellants.

*W. C. & J. W. Samuel* for respondent.

MARTIN, C.—The plaintiffs filed their petition in ejectment on the 4th day of April, 1879, to recover from defendant possession of 100 acres of land.

In 1864 one David S. Riffe died seized of this land,

leaving as his heirs two minor children named Lois and Annie, who are the plaintiffs in this suit along with Clarence K. Henry, the husband of Lois. The defendant claimed title by virtue of a deed from George McKerlie dated March 3rd, 1869, conveying to him the 100 acres sued for. George McKerlie's title, as to 98 acres of the tract sued for, was derived from a sale made to him by William W. Walden, as guardian and curator of Lois and Annie, plaintiffs, on the 4th day of November, 1868. As to the remaining two acres it was derived from a sale made by R. Matson, as public administrator in charge of the estate of said David S. Riffe, deceased. His deed is dated November 13th, 1866, and includes some forty more acres not in controversy in this case.

In his answer the defendant denied the plaintiffs' right to the land, and set up an equitable defense to the effect that he had purchased at full value and paid the consideration; that he had made lasting and valuable improvements; that this was all done in good faith and without notice of the claim of plaintiffs, who resided in the same neighborhood, and had knowledge of the defendant's possession, acts and improvements. The answer contained a prayer that an account be taken, that his purchase money and all moneys expended for improvements, payment of taxes, etc., be refunded, and adjudged a lien or charge upon the land, concluding with a prayer for general relief. The replication of plaintiffs contains a denial of this defense, and a statement that the plaintiffs were minors until within a year before suit.

The evidence tended to sustain the allegations of this special defense. It seems that defendant had paid $1,100 for the land, had expended $267 for taxes, and that his improvements were of the value of $1,966. The material question in the case relates to the sale by Walden, as guardian and curator of plaintiffs. The deed of the guardian contains no recitals of the appraisement, order of sale, or approval of sale. There was also a slight mistake in its

description of the land. The defendant introduced the records of the probate court of Livingston county for the purpose of supplying these defects. They disclosed an application for an order of sale, an order of sale at private vendue, an order of approval and a certificate of appraisement. The order of sale was made on the 18th day of April, 1868, at the April term, and the sale was approved at the same, although adjourned, term on the 11th day of May, 1868. The only irregularity apparent in these proceedings consists in the action of the court approving the sale at the same term at which the sale was made, instead of the next regular term of the court, as required by law. Notwithstanding this defect, the court found that the defendant was possessed of the equitable title to the land. It permitted the misdescription in the deed to be corrected, and rendered judgment in favor of defendant.

The questions involved in this controversy have been considered by the Supreme Court in so many cases varying in their facts, that I propose to review its decisions for the purpose of ascertaining the equity which at the present day is administered in this class of cases. The embarrassment attending the defendant's title in this case was first encountered in the case of *Wohlien v. Speck*, 18 Mo. 563, in which the opinion was rendered by Judge Scott in 1853; and as there were several cases on the same title I will consider them first, in the order of their rendition, before noticing the other cases bearing on the same question.

In *Wohlien v. Speck*, 18 Mo. 563, the plaintiff sued in ejectment, deriving title as heir of the person who died seized of the land as lawful owner. The defendant's title came by sale conducted by the administrator of said deceased, under an order of the probate court. The sale was approved at the same term at which it was made, instead of the succeeding term, as required by law. There seems to have been no deed by the administrator. No equitable defense of any kind was interposed, and the court held that

no title passed by the sale, rendering judgment for the plaintiff.

The defendant who had suffered defeat at law, brought a bill in equity against the plaintiff for the purpose of divesting the title of the heir and vesting it in himself. The opinion in this case was also rendered by Judge Scott, in 1855. *Speck v. Wohlien*, 22 Mo. 310. It was held that no legal or equitable title passed at the sale, and that the purchaser thereat had no equity for a title and could not call upon the heir to perfect it. It may be remarked in connection with this case that no equity for return of the purchase money or re-imbursement for improvements was set up in the answer, and no such equity was suggested or intimated by the court.

The controversy about the same title assumed another aspect a few years afterward in the case of *Wolff and Speck v. Wohlien*, 32 Mo. 124, in which the opinion was rendered by Judge Dryden, in 1862. It seems that the parties claiming under the administrator's sale, on notice to the heirs, moved in the probate court that the sale be approved again, some twelve years after it was made, and the court granted an order approving it. The heirs appealed from this order to the St. Louis land court, without any bill of exceptions. The case was taken thence by change of venue, and by consent of parties, to the St. Louis circuit court, where on trial *de novo*, the sale was disapproved. Thereupon the parties who had moved for the approval in the probate court, appealed from the decision of the circuit court disapproving the sale. But it was held by the learned judge rendering the opinion, that while an appeal from an order of approval was provided for in the statutes, there could be no appeal from an order of disapproval; which was in the nature of an order granting a new trial. When a sale was disapproved there had to be another sale. This final judgment of disapproval left the title in the same condition in which it was left after the sale and premature approval.

Another ejectment by the same party was attempted in the case of *Speck v. Riggin*, 40 Mo. 405, in which the opinion was rendered by Judge Wagner, in 1867, who held that the previous decisions had settled the title against the plaintiff, and that the suit presented nothing new to be determined.

In considering the cases which commenced and continued to appear in the reports after the beginning of the controversy about the title in *Speck v. Wohlien*, I will first notice *Valle v. Fleming*, 19 Mo. 454, in which Judge Scott rendered the opinion in 1854. In this case it was held, that an administration sale wanting the approval of the court was void; and that a receipt of the proceeds, especially by minors, could not validate it. It was held that the order of approval need not appear by formal entry or in express terms.

*Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152, opinion by Judge Napton, in 1859. In this case the heirs of the deceased owner brought ejectment. The defendants, who claimed under sale by an administrator, which had not been approved, set up an equitable defense to the effect that the money paid by the purchaser at the administrator's sale had been applied by the administrator in lifting a mortgage from the land, and asking to be subrogated to the rights of the mortgagee. This was not an equity for the title, but rested upon the assumption that the sale was void, and that no title passed, either legal or equitable. The defendants claimed only the equity of a lien-holder, by reason of having in good faith paid off a certain lien, which inured to the benefit of the heirs. This equity was conceded to him, and possession denied to plaintiffs until payment of the amount so expended by defendants. The opinion went further and approved the doctrine which awards the value of improvements made in good faith by a purchaser at a void sale, believing his title to be good. Judge Scott dissented to the views held by the court.

*Strouse v. Drennan*, 41 Mo. 289, opinion by Judge Wag-

ner, in 1867. In this case the sale was by a guardian under an order of the probate court, and the sale was approved the same day it was made. It was held that no title passed. No equity was set up by defendant.

*Mitchell v. Bliss,* 47 Mo. 353, opinion by Judge Bliss, in 1871. The report of an administrator's sale, under an order of the probate court, was approved at the same term at which it was made. It was held that no title passed, and that the court could not help out the execution of a statutory power. No equity was pleaded by defendant.

*State to use of Perry v. Towl,* 48 Mo. 148, opinion by Judge Bliss, in 1871. In this case the plaintiff brought suit on a guardian's bond to recover the proceeds of a sale made by the guardian under an order of the circuit court. The defendant pleaded that the sale was void because of approval at the same term at which it was made. This was held to be no defense, and the sale was pronounced valid. The court made a distinction between a premature approval of a sale by the circuit court and a similar approval by a probate court. It was held that as the former was a court of general jurisdiction, an order in it, however erroneous, could not be impeached in any collateral proceeding.

*Castleman v. Relfe,* 50 Mo. 583, opinion by Judge Wagner, in 1872. The purchaser at a guardian's sale brought suit against the guardian and others to cancel the unpaid purchase notes and to compel a return of the money paid by him on account of the purchase, alleging that the sale was void because it was approved at the same term at which it was made. But as the sale was made under an order of the circuit court, it was held that it was valid notwithstanding this irregularity, which could not be permitted to impeach its validity in a collateral proceeding.

*McVey v. McVey,* 51 Mo. 406, opinion by Judge Wagner, in 1873. This case rose upon proceedings undertaken to obtain a second approval of the sale. A private sale had been made by a curator under an order of the county court in 1856. The sale had been approved at the same

term at which it was made. At the May term, 1869, the parties representing the purchaser, after notice to the heirs, asked for an approval, and it was approved by the county court thirteen years after the sale. Appeal was taken to the circuit court of the county, and afterward by change of venue the case was taken to Moniteau circuit court. The court decided that there could be no trial *de novo* on the appeal, but that it must be decided upon the record in like manner as cases are disposed of in courts of error. The case was tried in this manner and the action of the county court was reversed, and the order of approval set aside. In the Supreme Court it was held that an appeal lies from an order of approval, and that the appeal brings up the record as on *certiorari*. It was also held that an appeal to the Supreme Court can be taken from an order or judgment of the circuit court on appeal disapproving a sale, thus overruling the case of *Wolff and Speck v. Wohlien*, 32 Mo. 124. It was held that the sale could be approved again after the lapse of thirteen years, and the judgment of the circuit court disapproving the sale was reversed, and the action of the county court approving it was affirmed.

*Shroyer v. Nickell*, 55 Mo. 264, opinion by Judge Sherwood, in 1874. Although this case did not rise from an administrator's or guardian's sale, the doctrine announced is the same which has been invoked in such cases. A widow sued in ejectment for her real estate, which she had assumed to convey by joining with her husband in his lifetime. The acknowledgment by her was fatally defective. The defendant asked for a reform of the deed and for a specific performance of the contract of sale. It was held that as the acknowledgment did not conform with the statute, which alone enabled her to sell, the deed was void; and its reformation was denied. But the decision expressly recognizes the equity of the purchaser, so far as it extends to the purchase money and the improvements.

*Jones v. Manly*, 58 Mo. 559, opinion by Judge Sherwood, in 1875. Ejectment by the minor heirs of the de-

ceased owner. The sale of the administrator had been in compliance with an order of the probate court. The record disclosed no formal entry of an order approving the sale. But there were sufficient entries of record to indicate that the sale had been approved by the court. The defendant below had set up an equitable defense, similar to the one contained in the case of *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152. The circuit court on motion struck it out, and gave judgment for the plaintiffs. This action of the circuit court was held to be erroneous, and the doctrine, upon which the equity of such defense rests, was approved.

*Bobb v. Barnum*, 59 Mo. 394, opinion by Judge Napton, in 1875. A purchaser at a curator's sale sued for rescission of the sale, return of the purchase money and cancellation of the deed. The deed failed to recite the time, terms, place of sale and order of approval of sale. The report of sale had in fact been approved at the same term at which the sale was made, but as it was conducted under an order of the circuit court, it was held to pass the equitable title to the purchaser. As the purchaser was entitled to a deed, and the defendants averred a willingness to give him one, it was held that the plaintiff had no case for a rescission of the sale or for return of the purchase money.

*Grayson v. Weddle*, 63 Mo. 523, opinion by Judge Napton, in 1876. It was held in this case that if it can be gathered from the whole record that the sale has been approved, although a formal entry to that effect may be wanting, the sale will be sustained; and the deed of the administrator may be reformed, if the omission is not that of a duty required by statute.

*Evans v. Snyder*, 64 Mo. 516, opinion by Judge Sherwood, in 1877. The title of the heirs in this case was asserted in an action of ejectment. There appeared to have been no order of court authorizing a sale. The defense consisted of a general denial, and a special defense in equity to the effect that the purchaser at the sale had paid the purchase money, and that it had been applied to payment

of debts of the deceased. The court rendered judgment for the plaintiff. It was held in the upper court that without an order of sale there could be no valid sale; but that upon the transaction as a void sale the defendant was entitled to the equity set up by him for re-imbursement; and the case was reversed and remanded for the purpose of adjusting that equity.

*Johnson v. Beazley*, 65 Mo. 250, opinion by Judge HENRY, in 1877. The question in this case related to the effect of an administrator's deed. It was contended that the deed passed no title, because the appraisement had been made by only two appraisers instead of three; and because the deceased at the time of his death had his abode in another county, and that in consequence of this fact the court had no jurisdiction over the estate of the deceased and no power to appoint an administrator. It was held that the deed could not be impeached by such facts in a collateral proceeding. The faith and verity to be accorded to judgments and orders rendered in the probate court was elaborately reviewed; and the conclusion was reached, that in respect to the jurisdiction of that court in the administration of the estates of deceased persons, it was original, general and exclusive, and that as a court of record exercising such jurisdiction, the same presumptions must be entertained in support of its judgments and orders on this subject which are entertained in support of the judgments and orders of courts of general jurisdiction.

*Sims v. Gray*, 66 Mo. 614, opinion by Judge HOUGH, in 1877. The plaintiff sued in ejectment. The title of defendant rested upon an administrator's sale. The report of sale had been approved by the probate court at the same term at which it was made. The defendant, following the early decisions, framed his answer upon the assumption that the deed of the administrator was void, and that no title passed by virtue of the sale. He set up the equity of payment for the land and permanent improvements upon it, made in good faith, but asking for no relief. It was held that

the answer was defective, in the omission of such prayer. The defendant had not offered his deed in evidence. The decision did not stop with this ruling about the proper method of pleading the equity contended for by defendant. It proceeded to give to the defendant a legal title, when he had ventured to hope for only an equitable one. It was held that the deed was not invalidated by an approval of sale at the same term at which it was made, and that it should have been introduced in evidence. It was held that the "probate court was a court of record, having complete jurisdiction of the subject matter of the proceeding; and while such jurisdiction must be exercised according to law, yet if the court exceeds its powers under the law, and disregards the statutory requirements established for its guidance, its acts may be irregular, but they will not be void." The early decisions to the opposite effect were noticed in this case, and attention was called to that provision in our practice act which impliedly authorizes any court of record, on motion, to set aside for irregularities any of its judgments, within three years after the rendition thereof. R. S. 1855, p. 1290, § 26; Wag. Stat., 1062, § 26. This was regarded as a remedy which supplied in a measure the place of a writ of error, and removed the principal ground of discriminating against the effect of judgments rendered in the probate court.

*Long v. Joplin Mining & Smelting Co.*, 68 Mo. 422, opinion by Judge SHERWOOD, in 1878. In an action of ejectment the defendant, who was a purchaser at the administrator's sale, set up the equity of payment of purchase money, and improvements made in good faith. It was held that from the whole record it appeared that the sale had been approved by the court, although there was no formal entry to that effect, and that consequently the equitable title, irrespective of any deed, passed to the purchaser, which would be sufficient to defeat an action of ejectment.

*Gilbert v. Cooksey*, 69 Mo. 42, opinion by Judge HENRY, in 1878. The sale by the administrator in this case had

been approved, but there was a mistake in the description of the land in the report. It was held that: "As the report embraces the land in the general terms employed, and in the number of acres reported as sold, and the defendants have paid $2,800 for the land, they have rights which a court of equity will recognize and enforce." It was further held that equity could not vest the title in the purchaser.

*Snider v. Coleman,* 72 Mo. 568, opinion by Judge SHERWOOD, in 1880. In this case the purchaser set up in defense to the ejectment an equitable defense, to the effect that he had purchased for full value at an administrator's sale under order of the probate court, and that he had made large and valuable improvements on the land in good faith, and praying to be subrogated to the rights of the creditors, and for an account, and for general relief. The administrator's deed was excluded in the lower court for want of an acknowledgment and seal, and judgment was rendered for plaintiff. The case was reversed on the ground that outside of the deed the defendant had an equity in the facts pleaded by him, which ought to be disposed of on its merits.

*Greene v. Holt,* 76 Mo. 677, opinion by Judge SHERWOOD, in 1882. In this case it appeared that the land described in the administrator's deed was not included in the petition for or the order of sale. It was held that nothing could cure the defect. No outside equity was asserted.

*Exendine v. Morris,* 76 Mo. 416, opinion by Judge HOUGH, in 1882. The question in this case related to the validity of a guardian's sale under special act of the legislature, which required it to be approved by the county court. The deed of the guardian referred to the act of the legislature, and the facts necessary to authorize its execution were shown *aliunde.* No form of deed was designated by the act. The sale had been approved. It was held that although some of the acts of the guardian were irregular, they could not be attacked collaterally.

It will be observed from these decisions that there are two general remedies furnished by equity on the subject of administrator's and guardian's sale of real estate, according to the facts disclosed. In one the equity of the purchaser for a title is recognized and enforced; in the other he has no equity for a title, but only for a return to him of whatever he has expended in good faith for and on account of the land, in so far as these expenditures have benefited the heirs or improved the land. The distinction between these equities is marked, and the purchaser cannot safely expect to have a decree for one upon facts supporting the other, or have the advantage of either, without in some manner setting them out in his pleadings and asking for the appropriate relief. Upon the whole these decisions may be taken as authorizing and supporting the following conclusions:

I. When the sale by an administrator or curator under an order of the court has been regularly approved by the court, this fact of itself passes to the purchaser an equity for the legal title, which equity, notwithstanding an irregular deed or the want of any deed, the court will enforce in his favor by denying recovery in ejectment, by the heirs, or by vesting him with the perfect title; provided, always, that he has on his part complied with the terms of the sale. *Grayson v. Weddle*, 63 Mo. 523; *Long v. Joplin Mining & Smelting Co.*, 68 Mo. 422; *Gilbert v. Cooksey*, 69 Mo. 42.

II. When the sale has not been approved, no title either legal or equitable passes to the purchaser. The equity open to him proceeds upon the assumption of a void sale, and is for a return of the purchase money, and re-imbursement for the benefits received by the heirs and for improvements which enhance the value of their land; the extent of this equity to be ascertained by an account of his expenditures and receipts. This equity suspends the right of recovery until the amount coming to him shall be ascertained and paid. It is administered upon the theory that the title has not passed to the purchaser, but that he has a charge or lien for his outlays and improvements incurred

by him in good faith. *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; *Evans v. Snyder*, 64 Mo. 516; *Sims v. Gray*, 66 Mo. 614; *Snider v. Coleman*, 72 Mo. 568; *Schafer v. Causey*, 76 Mo. 365. I may here add by way of qualification to this doctrine, that the logic of it does not spring from or depend upon the law of estoppel. Neither does it exclude the purchaser from lawfully claiming the title under the law of estoppel, when sufficient facts are present in his case to support a title by estoppel. *Huff v. Price*, 50 Mo. 228.

III. When the sale has been prematurely approved in the circuit court, as this is a court of general jurisdiction, the sale is valid and the equity of the purchaser is for a perfect title, and will defeat recovery in ejectment. *State to use of Perry v. Towl*, 48 Mo. 148; *Castleman v. Relfe*, 50 Mo. 583; *Bobb v. Barnum*, 59 Mo. 394.

IV. When the sale has been prematurely approved in the probate court, this fact was by the earlier decisions regarded as equivalent to no approval at all. The sale was regarded as absolutely void and passing no title either legal or equitable. *Wohlien v. Speck*, 18 Mo. 563; *Speck v. Wohlien*, 22 Mo. 310; *Wolff and Speck v. Wohlien*, 32 Mo. 124; *Speck v. Riggin*, 40 Mo. 405; *Strouse v. Drennan*, 41 Mo. 289; *Mitchell v. Bliss*, 47 Mo. 353. Whatever equity enured to the purchaser depended upon such facts as are described by us in the second conclusion recited by us as applying to void sales. But by the most recent decisions of the Supreme Court this doctrine, which first rose in the case of *Speck v. Wohlien*, 22 Mo. 310, and which for a long time prevailed in this State, has been overruled; and such sales are now held to be as valid as if the approval had been in the circuit court, on the ground that the same presumptions of validity must be entertained in respect to the judgments and orders of the probate court in matters of the administration of estates as are accorded to the judgments and orders of the circuit court. *Johnson v. Beazley*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 614; *Fisher v. Basset*, 9 Leigh 119; *Wilkerson v. Allen*, 67 Mo. 502; *Den ex Dem. Obert v. Ham-*

*mel*, 18 N. J. L. 75 ; *Hahn v. Kelly*, 34 Cal. 391. It thus appears that the doctrine of *Speck v. Wohlien* is a thing of the past, and has given place to a more just and rational doctrine, which cannot fail to have a good effect upon this class of litigation. While the doctrine prevailed that a premature approval in the probate court was no approval at all, the courts, in their efforts to escape the injustice of the doctrine, commenced to hold that the sale might be approved twelve and thirteen years after it had taken place, so as to pass a valid title to the purchaser. *McVey v. McVey*, 51 Mo. 406.

V. The approval of the sale by the court need not necessarily appear by formal entry of an order. It is sufficient if the approval can be gathered from the whole record. The equity for a title is then complete. *Jones v. Manly*, 58 Mo. 559 ; *Grayson v. Weddle*, 63 Mo. 523 ; *Long v. Joplin Mining & Smelting Co.*, 68 Mo. 422 ; *Gilbert v. Cooksey*, 69 Mo. 42.

VI. An appeal from a final order of the circuit court disapproving a sale which has been approved by the probate court before appeal to the circuit court, may be taken to the Supreme Court. *McVey v. McVey*, 51 Mo. 406.

It ought not to be difficult to dispose of this case after subjecting its facts to the test embraced in the foregoing conclusions of law prevailing at present on the subject of these sales. The sale was made by a curator under an order of the probate court. No notice of application for the order was required by law. A private was equally valid with a public sale. Although the sale was approved during the same term of the court at which it was made, under the late decisions of this court its validity cannot be attacked on that account, in a collateral proceeding like the one on appeal. The approval of the sale passed to the purchaser an equitable title sufficient, when set up, to defeat an action in ejectment. It thus appears that the evidence in the record would sustain a judgment for the defendant. But the facts upon which this equity is founded are not pleaded.

The answer contains no allegation of an order of sale, or an order of approval of the sale as made. It is, therefore, impossible to administer the equity to which the defendant is entitled, for the reason that it is not pleaded. If the equity which is pleaded, and which is founded upon the assumption of a void sale, is to be administered, then the case will have to be reversed for the purpose of an accounting.

Under the issue raised by the general denial in the answer, the defendant is at liberty to prove that he has the legal title. Inasmuch as the deed of the curator was given in evidence, if that deed constituted a sufficient execution of the statutory power of sale, then the judgment for defendant ought to be affirmed. As to the land covered by it the defendant would possess a perfect legal title.

When the deed was first offered in evidence, it was upon objection of plaintiffs, excluded as not containing a sufficient description of the property sold. In the order of sale the land is described as the "Northeast quarter, section 14, township 56, range 24, except forty-two acres off the west part." In the curator's deed it is described as "Ninety-eight acres, the remainder of the northeast quarter of section 14, township 56, range 24." After this ruling of the court the defendant amended his answer and asked to have the deed corrected. It was corrected and reformed by the court so as to read: "Ninety-eight acres off of the east side of the northeast quarter of section 14, township 56, range 24." After this correction it was admitted in evidence.

It was objected by plaintiffs that the proper parties to justify the reformation of the deed were not before the court, and that the court erred in making the correction. It is unnecessary to consider the merits of this objection as I am satisfied that the description as contained in the deed before its correction was certain and definite enough, under the evidence in the record relating to the subject of the sale. It appears from the evidence that section 14 was a

fractional section, and that the northeast quarter contained 143.86 acres. It also appears that on the 13th day of November, 1866, the administrator of the estate sold 3.86 acres off of the west side of the quarter section, in the same deed which conveyed the northwest quarter, which is not in dispute in this case. It further appears that on the 8th day of April, 1868, the same administrator sold forty-two acres more off of the west side of the northeast quarter now in dispute. These two sales would leave just ninety-eight acres remaining to the heirs for sale. On the 18th day of April, 1868, after the last sale, but before making of the deed, the order of sale under which the curator acted was made. It will be seen that the order does not mention the number of acres remaining or intended to be sold. But on its face it is broad enough to cover the whole quarter section except the forty-two acres last sold by the administrator. There is a slight inaccuracy in this. It should also have excepted the 3.86 acres previously sold in 1866. But the order is not void because it apparently includes a small parcel of land already disposed of. It is good as to the ninety-eight acres remaining undisposed of. When the curator executed his deed he very properly included only the ninety-eight acres which he had the right to sell. He assumes to convey "ninety-eight acres, the remainder of the northeast quarter section 14." When this language is interpreted in the light of the preceding sales, it obviously means the remainder of the land belonging to the heirs left unsold. Where that remainder is in the quarter section appears in the evidence, and in the order of sale to which the deed makes reference. It is on the eastern side, because the order excepts the land sold on the western side. It is evident that the order referred to in the deed, along with the language of the deed itself, makes the description of the land conveyed very definite and certain. The correction, therefore, was immaterial and unnecessary. *Gilbert v. Cooksey*, 69 Mo. 42.

It is objected that the deed fails to convey the legal

title because of the omission by the grantor to recite the order of sale, appraisement, report of sale and approval of sale. The statute directs the curator to embody these recitals in his conveyance. And he should always obey the direction. But an omission to observe the direction ought not necessarily to vitiate the deed. A deed with such recitals is *prima facie* evidence only of the facts so recited. The recitals effect nothing more. If in truth it appears that there was no order of sale or approval of a sale made, the curator has no authority to sell, and his deed is absolutely void, notwithstanding the regularity of its recitals. It is the order of sale and the approval of a sale made which constitutes the authority of the curator to make a deed, and not the recital of such orders. The orders are essential, the recitals are only convenient, but not conclusive evidence of the orders. The recitals are only in the nature of evidence of essential facts, and do not constitute necessary or essential facts to the power of conveyance. The facts which authorized the curator in this case to make a deed have all been established *aliunde* the deed. The land was appraised; it was ordered to be sold; the sale was reported, and it was approved by the court. These record facts vested the curator with full power and authority to make a deed to the purchaser. A deed which, under the law of conveyances, contains the essential requisites of a conveyance made by a person under a special power or authority, ought to be sufficient to pass title. Such we consider the deed in this case. The curator making it refers to the order of sale and the court and term at which it was made, and assumes in it to act only in his capacity as curator in selling what he had been ordered by the court to sell. I think it is sufficient to pass the title which he had full power and authority to transfer.

The defendant's title for the two acres derived at the administration sale of Matson does not seem subject to the objections which have been urged against the curator's sale. The objection that a sufficient time for notice could not

28—78

M3rrison v. Garth.

have elapsed before the order of sale was made, is not well taken. The notice of application for the order was made at the May term, 1865, and gave until the first Monday in August, 1865, at the August term, for interested parties to object or show cause against the granting of the order. Of course the order entered in June, 1865, to sell in November, 1865, was premature under the notice, and ought not to have been made before the August term. But according to the recitals in the deed this is not the order under which the sale was made. The deed recites an order of sale made at the November term, 1865, which order, it is recited, was renewed on the 2nd day of July, 1866; and was executed on the 2nd day of October, 1866, and approved at the succeeding November term, 1866. These recitals which are *prima facie* evidence of the record facts, cannot be impeached by simple proof of a premature order to which they evidently do not refer. Especially must this be the only tenable conclusion in absence of any evidence to establish the want of the further order to which the deed evidently refers. The palpable insufficiency of the first order must have given occasion for the second one which is referred to in the deed.

Our conclusion upon the whole case is, that the judgment of the circuit court should be affirmed, and it is so ordered. All concur.