# DONNELL M. PEARSON v. MARIAN B. MURRAY, Appellant.

### Division Two, July 19, 1910.

1. **ADMINISTRATOR'S SALE: Purchase by Him.** A defendant cannot establish title to real estate by virtue of the fact that she, as administratrix, was the real purchaser at the sale or furnished the purchase money to the person to whom she sold and conveyed it.

2. ————: **Presumption of Deed.** Where the evidence shows that the administratrix petitioned the probate court for the sale of the property to pay her intestate's debts; that the order of sale was duly made by the court; that the sale was regularly and formally made, and reported to the court, and the report approved; and that in her report of the sale and in her final settlement she acknowledged the receipt by her of the purchase price of the property, the presumption is that she did her full duty, and made and delivered a deed to the purchaser.

3. ————: ————: **Contradicting Report.** In the face of the court record approving her report of the sale of land, and her sworn statement in the report that "she did not directly or indirectly purchase said real estate, or any part thereof, or any interest therein, and that she is not interested in the property sold except as stated in said report," and her statement in that report and in her final settlement that she received the price bid at the sale, the administratrix cannot be heard to say that the bidder at her sale did not pay the purchase price, but she paid it herself. She cannot in a subsequent collateral suit to quiet title attack her report and final settlement, and thus in effect attack the judgments approving them.

4. ————: **Witness: Bidder Dead.** Where the bidder at the administratrix's sale is dead, her testimony attacking the integrity of the probate court proceedings authorizing and approving the sale made by her is incompetent, she being the other party to the transaction.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Ball & Sparrow* for appellant.

There is just one question in this case. Did the acts and doings of Marian B. Murray, in settling with the probate court the estate of William Luce, deceased, making the affidavits concerning the settlements, preclude her from showing that Homer L. Murray did not pay for this property, and does it preclude her from showing, as the record shows she did do, that she paid every cent that the property was sold for? If Mrs. Murray paid the entire purchase price for this property, and Homer paid nothing, then she is entitled to this property.

*Pearson & Pearson* for respondent.

(1) Appellant cannot set up as a defense, or maintain and establish, any title she attempted to obtain by means of an alleged purchase at a sale of land by herself as administratrix, and under an order of the probate court. The statute expressly prohibits an administratrix from becoming a purchaser, either directly or indirectly, of real estate sold by her under an order of the probate court. R. S. 1899, sec. 166. (2) The administratrix is estopped at this time, and in this proceeding, from attacking collaterally her reports and final settlement, made upon the order of and to the court, and thereby in effect invalidating the judgment approving her final settlement and order of discharge. McKenzie v. Donnell, 151 Mo. 450; Long v. Mining Co., 68 Mo. 433. Homer Murray, the purchaser at her sale, being dead, the administratrix, being the other party to the transaction, was an incompetent witness. (3) The administratrix having petitioned for a sale of the property; the order of sale having been made by the probate court; the sale having been regularly and formally made and reported to the probate court; the report having been approved; the purchase price having been acknowledged by the admin-

istratrix and reported to the court as paid, the presumption arises that the administratrix performed her full duty, and made and delivered a deed to the purchaser, Homer L. Murray. Long v. Mining Co., 68 Mo. 430; Henry v. McKerlie, 78 Mo. 428; Botwell v. Johnson, 147 Mo. 112; Carey v. West, 139 Mo. 177; Ivy v. Yauney, 129 Mo. 509; Williams v. Mitchell, 112 Mo. 313.

FOX, J.—This is a statutory proceeding, under section 650, Revised Statutes 1899, to quiet title to the south one-third of lot 94, in block 17, in the city of Louisiana, Pike county, Missouri.

William Luce, who died intestate in May, 1884, was the common source of title. At his death, the defendant was appointed administratrix of his estate, and, under an order of the probate court, took possession of the property. After petitioning the probate court for, and getting, an order to sell the intestate's lands, for the purpose of paying his debts, the property in controversy was sold at public auction, on the 16th day of November, 1892, to Homer L. Murray, son of the administratrix, for the sum of $767, he being the highest and best bidder. In her report of said sale, filed in the probate court, the administratrix stated that Homer L. Murray had fully complied with the terms of said sale, and paid her the sum of $383.50, the further sum of $383.50 to be paid by him within six months from the date of the sale. The report was verified by the affidavit of the administratrix, stating that "she did not directly or indirectly purchase said real estate, or any part thereof, or any interest therein, and that she is not interested in the property sold except as stated in said report."

Homer L. Murray took actual possession of said property, after the sale, and remained in possession thereof until his death, in the year 1896. He and a Mr. Strauss erected on the front line of the same bill-

boards for advertising purposes, and he paid for the construction of a sidewalk in front of the premises. He rented said billboards, and received pay therefor from advertisers. It does not appear that he paid the taxes on the property, although the same was assessed to him, for the years 1894, 1895, 1896 and 1897. After his death, the taxes on the property were paid by the defendant, and she continued to pay the taxes thereon for several years thereafter.

The evidence shows that the said Homer L. Murray left surviving him a widow, Annie L. Murray, and one child, Nellie R. Murray, who, on the 28th day of March, 1903, conveyed the property in controversy, by warranty deed, to the plaintiff, who took possession thereof, rented, and paid State, county and special taxes thereon for 1903 and 1904, and city taxes for 1903. Plaintiff was making preparations to erect a building on the property when he learned that the defendant claimed some interest therein, and he therefore did nothing further towards erecting the building. There is no evidence that the defendant, after her discharge as administratrix, was ever in actual possession of the premises, the evidence being that said Homer L. Murray was in such possession until his death, and that after his decease his widow claimed to own the premises.

Defendant, over plaintiff's objection, offered evidence tending to prove that the purchase price of the property was paid by her, and that Homer L. Murray never paid her, as administratrix, any money whatever for the land. Further evidence introduced by the defendant tended to prove that, a short time after the alleged purchase of the property by her as administratrix, she did, in her individual capacity, execute and deliver a warranty deed to said Homer L. Murray, conveying to him the said property, but that no consideration passed from him to her for the same; that the deed was never recorded, and that after the

occasion for which the deed was made had passed he handed said deed back to her.

The court found for the plaintiff, and adjudged and decreed that plaintiff is the owner of the entire interest and estate, both legal and equitable, in fee-simple, in the said property, and that defendant pay costs. Defendant appeals from the judgment.

## OPINION.

### I.

Our statute (R. S. 1899, sec. 166) expressly prohibits an administrator from becoming a purchaser, either directly or indirectly, of real estate sold by such administrator, under an order of the probate court, for the payment of the intestate's debts. This being true, the defendant could not maintain or establish any title to the land by virtue of the fact, if it was a fact, that she, as administratrix, was the real purchaser at the sale, or furnished the purchase money to Homer L. Murray.

### II.

The evidence shows that the defendant, as administratrix, petitioned the probate court for the sale of the property in controversy to pay the intestate's debts; that the order of sale was duly made by said court; that the sale was regularly and formally made, and reported to the probate court; that the report of said sale was approved; that in her report of the sale and in her final settlement the administratrix acknowledged the receipt by her of the purchase price of the property. Under these circumstances, the presumption arises that the administratrix performed her full duty, and made a deed and delivered the same to the purchaser, Homer L. Murray. [Long v. Mining & Smelting Co., 68 Mo. 422; Rothwell v. Jamison, 147 Mo. l. c. 612; Ivy v. Yancey, 129 Mo. l. c. 509; Williams

v. Mitchell, 112 Mo. 300; Carey v. West, 139 Mo. 1. c.
178; Henry v. McKerlie, 78 Mo. 416.]

## III.

In the face of the probate court record and proceedings, and in her own statement and affidavit that "she did not directly or indirectly purchase said real estate, or any part thereof, or any interest therein, and that she is not interested in the property sold except as stated in said report," the defendant cannot be heard to say that Homer L. Murray did not pay the purchase price of said land, but that she paid it. She cannot in this collateral proceeding attack her report and final settlement, made to and by order of the probate court, and thus in effect attack the judgment approving her final settlement, and ordering her discharge. [McKenzie v. Donnell, 151 Mo. 1. c. 450, and cases cited.] As said in Johnson v. Beazley, 65 Mo. 250, "to allow the heirs, or any one else, in a collateral proceeding, to question the correctness of the judgment of the court, would so imperil the titles conveyed at administrators' sales of lands that no prudent man would bid their value, and estates would be sacrificed. Both public policy and the weight of authority sustain the title which defendant acquired by his purchase at the administrator's sale."

## IV.

The only evidence offered in this case by which the defendant seeks to attack the integrity of the probate court proceedings was the testimony of the defendant herself. As Homer L. Murray, the purchaser at the sale, was dead at the time of the trial, the administratrix (defendant), who was the other party to the transaction, was an incompetent witness. [R. S. 1899, sec. 4652.] Timely and proper objections were made to her testimony, and it should have been ruled out. Such testimony, however, although admitted at

the trial, was not considered by the court. Eliminating the defendant's testimony, there was no evidence as to the sale and purchase of the land in question except the records of the probate court, the verity of which cannot be questioned in this proceeding.

## V.

In her answer to the petition, the defendant set up the defense of adverse possession for a period exceeding ten years prior to this suit. The evidence fails to establish any possession in the defendant of the property in controversy, after the sale by her, as administratrix, to Homer L. Murray.

The judgment of the circuit court was correct, and should be affirmed. It is so ordered. All concur.