BYERLY v. DONLIN, *Plaintiff in Error.*

1. **Administration**: FRAUD IN FINAL SETTLEMENT. This court is of opinion that an item of credit allowed an administrator on his final settlement was false and fraudulent, and, therefore, affirms a judgment setting aside the settlement.

2. ———: DE BONIS NON. The circuit court has no power, upon setting aside the final settlement of a deceased administrator, to order his administrator to settle the estate. It is for the probate court to appoint an administrator *de bonis non* for this purpose.

*Error to Nodaway Circuit Court.* — HON. H. S. KELLEY, Judge.

AFFIRMED.

*John Edwards* for plaintiff in error.

*Johnston & Jackson* for defendant in error.

NAPTON, J.—This action was brought by the heirs of A. J. Byerly to set aside the final settlement made by the administrator, Brown, of said estate, alleging fraudulent charges in the settlement. The only charge claimed to be false and fraudulent is a credit allowed Brown for the amount of a judgment due Brown against A. J. Byerly's estate for $568.23. The circuit court set aside the settle-

ment on the ground that this item was allowed, and ordered the defendant, as administrator of Brown, to make the final settlement of the estate of Byerly. The only important point in dispute here is, whether this claim on the final settlement was properly rejected by the circuit court. Upon this point there is really no conflict of opinion. It is conceded that to justify such reopening of a matter judicially established, there must be not only an unjust but a fraudulent claim allowed. The decisions of this court on the point are referred to in the latest opinion in *Miller v. Major*, 67 Mo. 248. We are, however, of opinion that in this case the circuit court properly decided to set aside the final settlement. It is true, that there was no direct evidence of fraud on the part of Brown, who was proved to be a man of good character, but there was nothing to show the propriety of such a charge, and that it was a mistake appeared beyond question. No such judgment was to be found, though the records of all the courts in the county had been examined. Brown was a clerk in Byerly's store and lived in his family until Byerly's death. His charges as clerk were duly allowed in this final settlement. The only explanation suggested on the part of defendant, was a remark made by Brown that he had accounted for everything except a claim against some one in Mt. Airey, Indiana, which he said he never collected and could not collect. But it is obvious that as no such claim was charged against him, he had no right to credit it to himself. In short, after examining the probate judge and Brown's lawyer, and the record of the court, and the widow of the deceased, it seems impossible to arrive at any other conclusion than that this item was a false one. Brown must have known whether it was false or not, and, therefore, the court concluded it to be also fraudulent, certainly so far as the interest of the estate was concerned.

The court, however, ordered the defendant, as administrator of Brown, to settle up the estate of Byerly, and in this there was error, as the probate court would have the

exclusive jurisdiction to appoint an administrator *de bonis non* of Byerly's estate. But this was simply an addition to the judgment of the circuit court, outside of its jurisdiction. The judgment vacating the final settlement was right, and that left the matter to the probate court, to take such steps as the law provides in regard to an appointment of an administrator *de bonis non* of Byerly's estate. There is no use in remanding the case to the circuit court, as the only error is one rescinded here, and the judgment of the circuit court, as modified, is, therefore, affirmed. The other judges concur.