## RIDENBAUGH *v.* BURNES.

*(Circuit Court, W. D. Missouri, W. D.  1882.)*

1. ORDER OF PROBATE COURT—CONCLUSIVENESS OF.

   An order of a probate court approving the final report of an administrator and discharging him from his trust, may be attacked and set aside in a court of equity upon satisfactory proof that the administrator has failed, either by mistake or fraud, to account for money collected by him, or for property which came into his hands by virtue of his office.

2. EQUITY PRACTICE—REFERENCE—ACCOUNTING.

   Where the proof fails to furnish a proper basis for an accounting, but enough appears to make it desirable that the real facts be made to appear, the court may, in its discretion, refer the case to a master, with power to take further testimony and report thereon as to both law and fact.

Bill in chancery brought to set aside a settlement made by the defendant as administrator of the estate of George Young, deceased. The defendant was appointed as such administrator, November 24, 1874, and thereupon took charge of the assets of the estate, consisting largely of notes and accounts. On the fifth of December, 1874, defendant was ordered by the probate court of Buchanan county, Missouri, under whose orders he was acting, to loan the money belonging to the estate at the highest rate of interest he could obtain.

He made numerous loans, and collected in the aggregate a large sum of money as interest, with which he charged himself, but the complainant insists that he collected other sums as interest, with which he did not charge himself and for which he has never accounted. He also collected and accounted for certain rents, but the complainant insists that he did not account for all the rents collected by him. The defendant claimed and was allowed a credit in his settlement with the probate court on account of certain notes against insolvent parties, and complainant insists that these credits were wrongful and should not be allowed, because the notes were taken by defendant for loans of the funds of the estate, made to said insolvent parties when they were notoriously insolvent, and that the fact could have been ascertained by defendant by the use of ordinary diligence. Defendant acted as administrator from November 24, 1874, to January 16, 1880, when he made his final settlement with the probate court and was discharged.

M. R. Singleton, Doniphan & Reed, and J. E. Merryman, for complainant.

L. H. Waters and Boggess, Cravens & Moore, for defendant.

McCRARY, C. J. It is insisted by counsel for defendant that complainant is estopped by the order of the probate court approving the final report of the defendant as administrator, and discharging him from his trust. It is true, as a general proposition, that final settlements by administrators with the probate courts are to be regarded as judgments; but I am unwilling to place them on the same footing with judgments rendered in causes litigated, and where all the parties in interest are present in court to assert and maintain their rights. An administrator acts in a fiduciary capacity. He is a trustee for the heirs and creditors of the estate, who are often infants or persons otherwise disabled to protect their rights. Such settlements are generally ex parte, and there is, even where, as in the present case, counsel are called in to examine the accounts, very little opportunity to ascertain any facts not communicated by the administrator, or apparent upon the face of the papers and records of the court. Such a settlement, in my opinion, may be attacked and set aside in a court of equity, upon satisfactory proof that the administrator has failed, either by mistake or fraud, to account for money collected by him, or for property which came into his hands by virtue of his office. The heirs cannot be bound by a settlement in which the administrator does not account for all the assets. A failure to so account is indeed a fraud, either in fact or in law, and vitiates the settlement. *Pratt* v.

*Northam*, 5 Mason, 103; *Clyce* v. *Anderson*, 49 Mo. 41; *Byerly* v. *Donlin*, 72 Mo. 271.

As the bill plainly charges that defendant did not account for all the interest and rents collected by him, it is the duty of the court to look into the proofs upon the subject, and to set aside the settlement and reward the complainant relief if her allegations are supported by sufficient evidence. With respect to the interest, the proof fails to show what loans were made by defendant, the amounts loaned, and the time for which made, and the rate of interest; and of course it does not show the aggregate amount of interest collected by him. Complainant relies upon the admissions in the answer that defendant "kept the money of the estate that came to his hands actively at interest for the use and benefit of the estate," and that he at no time "had any considerable amount of money of the estate that was not at interest." It is insisted that, in view of these admissions in the answer, it is the duty of the court to charge defendant with interest upon the aggregate amount of available assets in his hands as per the inventory. But the admissions relied upon must be considered in connection with the other allegations of the answer. They cannot be taken out of their proper connection and read by themselves. If complainant seeks to charge defendant upon the admission contained in the answer, it is the right of the defendant to have the whole of that pleading considered, and when so considered it is impossible to hold that it gives us any basis upon which to determine whether any, and if any, what, sum has been collected by defendant as interest, and remains unaccounted for. It is alleged in the answer that the estate was indebted in large sums, for which judgments were recovered, which defendant was compelled to pay. It is also alleged that frequent demands for money were made by complainant, and that large sums were paid out by him for taxes. Besides these allegations, the answer, which is very long, specifically denies each and every allegation of the bill which charges fraud or misappropriation of the funds of the estate, or a failure to account. It needs no argument to show that the answer does not contain admissions upon which there can be an accounting as to interest.

The proof is equally defective with regard to the rents. The complainant shows that there passed into the hands of the administrator certain real estate which was at one time rented at certain prices. If the defendant collected rent upon this property during the whole period of his administration at the prices at which it was rented during part of that period, then it is said, and I think correctly, that he

has not accounted for all that he received. But the court cannot assume, in the absence of proof, that the property was rented during the whole of that period at the same or at any other price, nor can we assume that all the rent that accrued was collected. It is thus seen that the proof fails to furnish a proper basis for an accounting, and that it would be impossible from the proof submitted to ascertain and state any definite sum as the sum recovered by defendant and not accounted for. Under these circumstances the court may either dismiss the bill, so far as these items are concerned, or refer the case to a master with power to take further testimony and report. In the exercise of this discretion I am disposed to adopt the latter course. If the complainant is unable to make further or better proof, it is her misfortune, as the burden is upon her to overcome by proof the strong presumption which the law raises in favor of the correctness of the final settlement with the probate court. The proof as it now stands leaves the essential facts relied upon by complainant unproved; but enough appears to make it desirable that the real facts be made to appear, if that is practicable. I am the more inclined to adopt this course because the defendant has not seen fit to testify in the case. It is true that he was not bound to do so until complainant had made at least a *prima facie* showing, but it is impossible to overlook the fact that it would have been easy for him to have made his defense perfectly satisfactory, if there is no truth in the complainant's allegations, by going upon the stand and testifying to facts which must be within his knowledge.

As the case must go to a master, the court will reserve its ruling upon the question raised concerning the worthless paper for which defendant has credit in his accounts, and that matter, with the others, may be considered and reported upon by the master.

### ORDER.

It is ordered that this cause be referred to a master, with instructions to consider the proofs on file, and such other evidence as may be taken under this order, and report thereon as follows:

(1) Whether defendant, as administrator of the estate of George Young, deceased, received any sum or sums as interest which he did not report to the probate court and account for; and if so, what is the amount of the same? (2) Whether defendant, as such administrator, received any sum or sums as rent which he did not report to the probate court and account for; and if so, what is the amount of the same? (3) Whether defendant should be credited for notes of Hens-

ley, Skelton & Co. and G. R. Hines, either or both, and report his conclusions as to both law and fact.

With respect to the first and second of said matters of reference the master may, upon the application of either party, take further proofs at such times and places as he may determine.