WILLIAM A. COOPER ET AL., ADMINISTRATORS, ETC., Appellants, v. D. C. DUNCAN, ADMINISTRATOR, ETC., Respondent.

Kansas City Court of Appeals, January 25, 1886.

1. PROBATE COURTS—JURISDICTION AND POWERS OF—EFFECT AND VALIDITY OF THEIR JUDGMENTS.—The probate courts of this state, in the allowance and classification of demands against estates, are upon the same footing with courts of general jurisdiction; and their judgments possess the same efficacy and solemnity, and the same presumptions of validity attach to them, as to those of circuit courts.

2. ——— GROUND FOR SETTING ASIDE JUDGMENTS.—Wherever inadvertence or mistake is held to be a ground for setting aside a judgment, it is not for a mistake of the law or an inadvertent conclusion of the court; but for a mistake or inadvertence in doing something not *intended* to be done. Where the action taken by the court was *intended*, however erroneous the conclusion may have been as to the rights of the parties, and however unjust the

decision may have been, the parties are bound, unless there be an appeal, or other process instituted to bring the matter before an appellate tribunal.

APPEAL from Osage Circuit Court, HON. A. J. SEAY, Judge.

*Affirmed.*

Statement of case by the court.

D. C. Duncan, as administrator of the estate of John B. Cooper, deceased, sold certain real estate belonging to said deceased, pursuant to the order of the probate court, for the payment of debts. James M. Cooper became the purchaser thereof at $2,625. He paid $1,200 of this amount, and died owing the balance. The plaintiffs are the administrators of his estate and were appointed in June, 1877. In the following August (1877), the probate court made an order directing them to pay this balance. This order, not being complied with, Duncan brought an action on July 24, 1879 (less than two years after notice of the grant of letters to plaintiffs had been published), to enforce a vendor's lien against the land which had been so sold, to which these plaintiffs were made defendants—personal service was had, and an answer was filed by them. On the trial, a decree was ordered for the plaintiff in that case, by which it was adjudged that the balance of said purchase money, amounting to $2,017, remained due the plaintiff; that it constituted a lien on said real estate, and that unless the defendants paid said amount before a day named, the said lien should be enforced by appropriate process. This payment not being made, the land was sold as directed. It did not realize enough to satisfy the judgment, but left a balance due thereon of about $1,300. Duncan presented a copy of this judgment with the statement of the credit to which it was entitled by the proceeds of the sale to the probate court, which classified it in the fifth class of demands, in November, 1880. Upon the motion and affidavit of these plaintiffs, this

classification was set aside, under Revised Statutes, section 216. The matter was again heard in May, 1881, at which hearing these plaintiffs appeared and resisted by attorney, but the probate court adhered to its former ruling and made the same order as before. This order recites the presentation of a copy of the judgment, "and the court after fully understanding the premises and hearing the evidence, doth order that said sum of $1,386.82, be and the same is placed in the fifth class of claims." No further efforts to set aside this order were made, *nor was any appeal taken from it*. After the lapse of a year or more, this suit in equity was brought in the circuit court to set aside the order of the probate court.

S. M. MOSBY and EDWIN SILVER, for the appellants.

I. The classification was unquestionably erroneous. Sect. 184, Rev. Stat.; *State Bk. v. Tutt*, 44 Mo. 366. The record also shows that if the classification is permitted to stand, the estate will not pay over seventy-five cents on the dollar on claims in fifth class.

II. The classification should have been vacated by the circuit court. Accident, fraud and mistake are usual grounds for equitable jurisdiction and relief. *Byerly v. Donlin*, 72 Mo. 270 ; *Dobyns v. McGovern*, 15 Mo. 662.

SMITH & KRAUTHOFF, for the respondent.

I. The probate court, was, in respect to the matters involved, a court of general jurisdiction. Its adjudication had all the elements, force and effect of a judgment of such a court, and as such it was conclusive unless reversed on appeal. *Smith v. Sims*, 77 Mo. 269 ; *Johnson v. Beazley*, 65 Mo. 250 ; *Henry v. McKerlie*, 78 Mo. 416.

II. It is not a special *equitable* ground of interference, that the party has by his own act or omission failed to effectually avail himself of a valid defence at law, *nor that the court of law has decided a question of*

*law or of fact erroneously.* 3 Pom. Eq. Juris., sect. 1361 : *Bateman v. Willoe,* 1 Sch. & Lep. 201 ; *French v. Shatton,* 79 Mo. 560.

III. The party seeking equitable relief must show that he himself has not been in default, and has pursued his legal remedies. 2 Pom. Eq. Jur., sects. 871, 836 ; *Pettes v. Bank,* 17 Vt. 435 ; *Railroad v. Holbrook,* 92 Ill. 297 ; *Lyme v. Allen,* 51 N. H. 442 ; *Miller v. Bernecker,* 46 Mo. 194.

IV. The case of *Byerly v. Donlin* (72 Mo. 270), does not support the claim made by plaintiffs.

V. The petition is defective. The facts constituting the alleged mistake are not stated as required by the rules of pleading. *Smith v. Sims,* 77 Mo. 269.

ELLISON, J.—This is an action in equity to annul the classification of a judgment in the probate court of Osage county, which court had placed the judgment in the fifth class of demands. The action is based on the averment that the judgment of classification was entered through mistake and inadvertence, there being no allegation or proof of fraud.

The plaintiffs claim that the judgment was placed in the fifth class of demands, when it should have been in the sixth class ; it being exhibited, as plaintiffs claim, more than one year after granting and publishing letters of administration. Defendant contends, incidentally, that the demand had been exhibited for allowance within one year, as it had been ordered paid by the probate court within that time and prior to its reduction to a judgment in the vendor's lien proceedings, and that the probate court was justified in its action in placing the judgment in the fifth instead of the sixth class. For the purposes of this case we shall assume the action of the probate court in that regard was erroneous. But, though erroneous, does it follow that its judgment regularly entered, can be annulled and set aside in a proceeding of this sort ? Is not a party in such case compelled to take his appeal or writ of error ?

The probate courts of this state in the allowance and classification of demands against estates are upon the same footing with courts of general jurisdiction and their judgments possess the same efficacy and solemnity, and the same presumptions of validity attach to them as to circuit courts. *Johnson v. Beasley*, 65 Mo. 250; *Smith v. Simms*, 77 Mo. 269, 272; *Henry v. McKerlie*, 78 Mo. 416.

The judgments of probate courts may be set aside for fraud in a proceeding for that purpose, but so may the judgment of any other court. For the purpose of this case we may go further and concede fully the assertion by plaintiffs that the judgment of a probate court should be set aside when entered through inadvertence and mistake. Wherever it may be found that inadvertence or mistake is held to be a ground for setting aside a judgment, it will be noticed that it is not a mistake of the law, or an inadvertent conclusion by the court as to what the law is, but a mistake or inadvertence in doing something not *intended* to be done. Here there is no pretense but that the probate court entered the judgment and took the action intended, and that it did so after a contest between the parties, regularly before it, and in a matter over which it had jurisdiction. In such case, however erroneous may have been the court's conclusion as to the rights of the parties, however unjust may have been its decision, the parties are bound, unless there be an appeal or other process instituted to bring the matter before an appellate tribunal.

The case of *Byerly v. Donlin* (72 Mo. 270), in no manner sustains this action. In that case the court says, "it is conceded that to justify such reopening of a matter judicially established, there must be not only an unjust but a fraudulent claim allowed." The court also says, it was impossible to arrive at any other conclusion than that the item was a false one and that Brown (the administrator), must have known it was false.

Our conclusions as herein stated are abundantly sustained by text writers and reported cases. The prin-

ciples we assert are fundamental and we do not deem it necessary to go into a detailed statement or investigation of the law on the subject further than is necessary for the disposition of this case.

The judgment is affirmed.    All concur.