ANNA REAVIS, Appellant, v. WM. R. REAVIS,
Executor, etc., Respondent.

**Kansas City Court of Appeals, February 1, 1909.**

ADMINISTRATION: Allowance: Judgment: Estoppel.   Plaintiff
during the life of her mother obtained in the probate court
an allowance against the estate of her father for taking care of
her aged mother, payable quarterly until further orders of
that court. After the mother's death she presented a demand
against the estate for further compensation for the increased
care and labor of the service during the latter years of the
mother's illness. She had made no application to have the pre-
ceding order modified. *Held*, that the former judgment es-
topped the plaintiff from claiming further sums for services
rendered, since she had assented to and received the fruits
of said judgment.

Appeal from Pettis Circuit Court.—*Hon. Louis
Hoffman*, Judge.

AFFIRMED.

*Barnett & Barnett* for appellant.

(1)   The court erred in giving a peremptory in-
struction in this case, directing a verdict for defend-
ant and in refusing to give the instructions one and
two asked by the plaintiff.  It was for the jury to say
whether the plaintiff had rendered extra and addi-
tional services in nursing her mother which were not
included in nor contemplated by the provisions of the
contract, which had been made for $150 per year.
Where the contract is made for a specific sum for tak-
ing care of a relative, the contract must be taken as
fixing the compensation under the existing circum-
stances and when by reason of a change in the condi-
tions, the care became greater and more burdensome,
the party rendering the services is entitled to addi-
tional compensation, and the fact, that the plaintiff

was paid compensation for her services as housekeeper does not raise the presumption that the payment covered also compensation for care on account of sickness and a helpless condition. Hopper v. Oldis, 7 Atl. (N. J. Eq.), 349; Fry v. Fry, 119 Mo. App. 479; Morrow v. Dowell, 116 Mo. App. 289. (2) But the case at bar is more favorable to the claimant than any of the cases cited. Under the evidence, at the time the contract was made for $150 a year, and at the time the application was made to the probate court for payment of this contract price, and at the time the order of the court was made allowing this sum, Mrs. Reavis needed practically no nursing at all, and that allowance was intended to cover and did cover services as housekeeper and of course such incidental care and nursing as might occasionally be needed, but the helpless condition of Mrs. Reavis could not have been contemplated at that time. (3) The order of the probate court allowing plaintiff $150 per year of course is based upon the condition of affairs as they then existed and could not be treated as an order providing for compensation for extra services to be rendered in the future, when it could not be known that such extra services would be required, but if the court had so intended it, it could not have that effect, because no such allowance is asked for in the application. The application is nothing in the world but a claim for services which had already been rendered and the court had no jurisdiction to allow anything else based on that claim.

*George F. Longan* and *Charles E. Yeater* for respondent.

(1) The written petition filed by the plaintiff in the probate court, prayed for an order for the payment of the previous year's services, "and for all other orders that might seem right to the court," and the

judgment and order recites that the plaintiff was present at the hearing asking for an order for $150 for the past year's services, and for an order "to pay her said sum per year so long as she continues to render such services," which order was made on the evidence heard, and the plaintiff is bound by her petition, and the judgment and order thereon, and cannot dispute the same or any finding therein. Cooper v. Duncan, 22 Mo. App. 359; Camden. v. Plain, 91 Mo. 129; Munday v. Leeper, 120 Mo. 419; In re Tucker, 74 Mo. App. 335; Macey v. Stark, 116 Mo. 494; Price v. R. E. Assn., 101 Mo. 116; Case v. Gorton, 33 Mo. App. 606; Brown v. Woody, 22 Mo. App. 258; Donell v. Wright, 147 Mo. 647. (2) The order made by the probate court provided the amount of future pay to the plaintiff until further orders of this court, and the plaintiff, having accepted the benefits of the same under the order of the court for over eight years until the death of her mother, without asking the further or future order, provided for by the court for an increase of compensation, cannot claim the compensation described in her written claim as additional to that allowed by the court, and that even if the order and judgment of the court is absolutely void. Arthur v. Izrael, 25 Pac. 81; Denver, etc., Co. v. Middaugh, 21 Pac. 565; Boulder v. Ditch Co., 43 Pac. 530; Daniels v. Tearney, 102 U. S. 415; Duff v. Wyncoop, 74 Pa. St. 306; Kile v. Town of Yellowhead, 80 Ill. 211; Brown v. Appleman, 83 Mo. App. 84.

ELLISON, J.—Plaintiff presented a claim to the probate court for services rendered her mother, Celia Reavis, in caring for and nursing her during the latter years of her life. The trial court, where the case was taken by appeal, sustained a demurrer to the evidence, and plaintiff has brought the case here.

The claim is against the estate of Daniel Reavis, plaintiff's deceased father. Daniel made a will wherein

he left his estate to Celia, his widow, during her life, and providing that if Celia became unable to care for the estate then executors were to do so. She was not able to care for the estate and it was placed in the hands of her son Samuel, who managed it as executor until his death, when it was placed in charge of the present defendant, William, also a son. At the father's death all the children were married and living in homes of their own except this plaintiff, and it was agreed among them that plaintiff, besides her board, should receive $150 per year in caring for her mother and keeping house. This was paid to her by Samuel as long as he lived, but on his death this defendant thought it more prudent to have orders made by the probate court for such payments and that was done. The estate was in arrears to plaintiff from February, 1897, to that month in 1898. Plaintiff then filed the following application in the probate court:

"Now comes Anna Reavis, and respectfully states to the court, that Celia A. H. Reavis, is the widow of Daniel Reavis, deceased, and that she is old and in feeble mental and physical condition and needs the constant care and nursing; that for many years, under the direction of the executor of the last will and testament of said Daniel Reavis, deceased, and at the request of Celia A. H. Reavis, this petitioner has taken care and nursed said Celia A. H. Reavis, and done all the necessary housework in and about the home of Celia A. H. Reavis at the agreed price and sum of one hundred and fifty dollars per year, and that her services so rendered are reasonably worth one hundred and fifty dollars per year; that she has received her pay to the 12th day of February, 1897, and that her wages due her for services rendered as aforesaid from the 12th day of February, 1897, are still due and unpaid and she prays the court to make an order on the executor of the said estate to pay her the wages due at

the rate of one hundred and fifty dollars per year,- and for all· other orders that may seem right to the court."

This application was duly heard by the probate court and the following judgment was rendered:

"Now, at this day, comes Anna Reavis, one of the heirs of the estate of Daniel Reavis, deceased, and files her petition, asking for an order on W. E. Reavis, executor of the estate of the said Daniel Reavis, deceased, to pay her the sum of $150, for her services in waiting on and attending the old and feeble widow of said Daniel Reavis, deceased, for the last year, and to pay her said sum per year so long as she continues to render such services. Both parties being present in court, said petition is taken up and the evidence heard, and the court being fully advised in the premises, and believing said petitioner to be justly entitled to the amounts prayed for, it is therefore ordered and adjudged by the court that said executor pay her the sum of $150 for her last year's services, and to pay her the sum of $50 every four months, until further orders of this court, and that said executor be allowed credit on his settlement for same."

The evidence showed that plaintiff received the money under this order for several years and until her mother's death. The evidence shows that plaintiff gave faithful attendance on her mother and that during the latter year or more of the mother's life she was in need of more attention than formerly and that some of the duties devolving upon plaintiff were very onerous. There was no evidence of any other arrangement being made between the parties and no effort was made by plaintiff to have the judgment modified, or rather to have another order made suitable to change conditions which she now seeks to show existed.

Judgments of probate courts are of the same effect and force as those of other courts of record. [Camden v. Plain, 91 Mo. 117; Cooper v. Duncan, 20 Mo. App. 355.] And, in our opinion, plaintiff is estopped by the

judgment in this case from claiming sums to be due her for any service covered by the judgment to which the judgment itself shows she assented at the time of its rendition, and the fruits of which the record shows she accepted for several years.

We cannot allow success to plaintiff's effort to avoid the judgment by the argument that she did not ask to have any further allowance than for the year then past; and that her application did not cover the character of service afterwards rendered. She asked an allowance for that year and "for all other orders that may seem right to the court." The application stated the mother to be old and feeble in mind and body and that she needed constant care and nursing. No objection was made to the judgment and so long as plaintiff continued to accept of its provisions she must be held to be bound by its terms.

We have examined the cases cited by plaintiff but do not believe them applicable. The judgment is affirmed. All concur.