WHITECLOUD MILLING & ELEVATOR COM-PANY et al., Appellants, v. W. S. THOMSON, Administrator, et al.

### Division One, April 1, 1915.

1. **ADMINISTRATION: Partnership Estates: Priority of Creditors.** The claims of general creditors of a partnership estate must be paid out of its assets before debts due by the partnership to one of its members can be paid. Such preference is given by the common law and the principles of equity, and not by statute.

2. ———: ———: ———: **Classification: At Any Term Within First Year.** Under sections 97, 98, 190 and 191, Revised Statutes 1909, all demands pertaining to the fifth class, presented and allowed at any term during the first year, and properly classified as fifth or first-year demands, have equal standing, and none take priority over the others because of priority of allowance, whether presented at the first or fourth term of the probate court within that year.

3. ———: ———: ———: ———: **Res Adjudicata.** The classification of demands presented and allowed within the first year as fifth-class demands against the partnership estate does not affect the right of such claimants to priority in the distribution

of the assets. As between the creditors and the administrator the orders of the probate court allowing and classifying demands are judgments; but as between creditors of the same class, whose demands are allowed within the first year and classified as belonging to the same class, those allowed at the first term are not entitled to be paid first in preference to other demands presented and allowed at a later term within the first year.

4. ——: ——: ——: **Priority of Payment.** Although the claims of general creditors of the partnership and the individual claim of a partner to whom the partnership was indebted, were presented at the first term after the administration began, and all were allowed and classified as fifth-class demands, and the general creditors took no steps to. have their allowed demands given priority in payment until long after the first year, such general creditors are entitled to priority in payment until the final distribution of the partnership assets, and to be paid before the partner can share in such assets.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. B. Shackelford* and *H. T. Alkire* for appellants.

(1) No firm member can take anything from an insolvent firm's estate in process of liquidation until after all of the general firm debts have been satisfied. Lyons v. Murray, 95 Mo. 28; Ross v. Carson, 32 Mo. App. 148; Funk v. Seehorn, 99 Mo. App. 598; 22 Am. & Eng. Ency. Law (2 Ed.), 195, 196; 30 Cyc. 542. (2) In the administration of insolvent partnership and individual estates, the partnership creditors are entitled to priority over the individual creditors of the members of the firm in the partnership assets, and the individual creditors of a member of the firm to priority over the partnership creditors in that member's individual assets. Ault v. Bradley, 191 Mo. 731; Amer. Dig. (Cent. Ed.) 1060, 1070. (3) The allowance and classification statutes relating to

the estates of deceased persons declaring that all claims presented during the first year of administration shall be assigned to the "fifth class" of demands (R. S. 1899, sec. 184); and that all claims assigned to the same class shall pro rate (R. S. 1899, sec. 210), which are simply statutes of orderly and timely procedure, do not contemplate taking from the individual creditors of an insolvent individual estate the right to prior satisfaction given them by the substantive law and compelling them to pro rate with the creditors of a partnership of which the deceased was a member, or vice versa, simply because, all of the claims being presented during the first year of administration, are by force of the statute assigned to the same class. Hundley v. Farris, 103 Mo. 86; Level v. Harris, 24 Mo. App. 461; Ault v. Bradley, 191 Mo. 731; Rogers v. Meranda, 7 Ohio St. 192; Irby v. Graham, 46 Miss. 425; Smith v. Mallory, 24 Ala. 682; Black's Appeal, 44 Pa. St. 508. That the amount of indebtedness, and not the satisfaction to which a claim is entitled, is the only issue involved in its allowance, is manifest from the form in which the statute requires all claims to be presented and in which every claim against this estate was presented. A simple statement of account with the statutory affidavit attached that the claimant has given credit to the estate for all payments or offsets to which it is entitled on the demand described, and that the balance claimed is justly due, is all that is required by the statute and the form in which every claim against this estate was presented. No allegation is required or was made in any instance that the claimant was or was not a member of the firm. Upon each demand the administrator waived notice. Clearly upon issues thus drawn, the only evidence to be adduced and the only matters to be determined relate to the fact and the amount of the indebtedness after allowance of credits and offsets. As the probate court may

determine these, it allows or disallows the demand whether it be in favor of a member of the firm or of a general partnership creditor. While the doctrine of *res judicata* concludes all matters raised or which might by reasonable diligence have been raised in a pending controversy and identified with the subject-matter thereof, it does not extend to matters which are not a part of the subject-matter thereof. Donnel v. Wright, 147 Mo. 639; Garland v. Smith, 164 Mo. 1; Patillo v. Martin, 107 Mo. App. 653; Clemens v. Murphy, 40 Mo. 121; State ex rel. v. Richardson, 82 Mo. 509. (4) At what period in the administration of an estate may the order for priority in payment of demands entitled to such priority be made? Must it be made at the time of the allowance of each claim; or, if not then considered or made, may it not be made at any time during the administration of the estate, pior to or in connection with an order for distribution, and while all the assets are still before the court for distribution, as was done in the case at bar? We respectfully submit that the probate court's action in this case was correct. Cases supra, and Jamison v. Wickham, 67 Mo. App. 578; Pierce v. Pierce, 139 Mo. App. 416; Elstroth v. Young, 78 Mo. App. 655; Aull v. Trust Co., 144 Mo. 13; In re McCune Estate, 76 Mo. 200.

*R. B. Bridgeman, Sam R. Halstead* and *C. C. Crow* for respondents.

(1) The laws governing ordinary cases of administration are by statute made applicable to administration of partnership estates. R. S. 1909, sec 99; State ex rel. v. Donegan, 12 Mo. App. 190; Barnes v. Stanley, 95 Mo. App. 688; Browning v. Richardson, 186 Mo. 361. The allowance and classification of a demand against a partnership estate, so far as the binding force and effect of that judgment of al-

lowance and classification is concerned, are to be judged by the same rules of law as are applicable to a judgment of allowance and classification in ordinary cases. (2) The unconditional allowance and assignment of respondent's claim to the fifth class of demands entitled respondent, under Sec. 96, R. S. 1909, to share *pro rata* with all other creditors of the partnership estate whose demands were assigned to that class. R. S. 1909, sec. 96; State ex rel. v. Smith, 57 Mo. App. 120; Tompkins v. Weeks, 26 Cal. 50; Colton v. Field, 131 Ill. 398; 18 Cyc. 546; Jenkins v. Jenkins, 63 Ind. 120. (3) The allowance and classification of respondent's demand was a judgment of a court of record, having all of the binding force and effect of a judgment of any other court of record, and after the time for taking an appeal from the judgment of allowance and classification had passed, that judgment could not be annulled by an order of the probate court postponing the payment of the demand to the payment of all other demands of the same class. R. S. 1909, secs. 198, 214; Miller v. Jennys, 15 Mo. 265; Cooper v. Duncan, 20 Mo. App. 355; Reavis v. Reavis, 135 Mo. App. 199; Jamison v. Wickham, 67 Mo. App. 575; Wilks v. Murphy, 19 Mo. App. 225; Standard v. Lacks, 25 Mo. App. 64; McFaul v. Haley, 166 Mo. 67; Springfield Gro. Co. v. Walton, 95 Mo. App. 532; Rottmann v. Schumucker, 94 Mo. 139; Holt County v. Cannon, 114 Mo. 514. (4) The attempt of the probate court to nullify the judgment of allowance and classification after the time for taking an appeal or vacating the judgment had passed, was an attempt to exercise equitable jurisdiction not possessed by the probate court. R. S. 1909, secs. 220 and 289; Wilks v. Murphy, 19 Mo. App. 225; Matson v. Pearson, 121 Mo. App. 120; Deming Co. v. Webb, 76 Mo. App. 320; In re Estate of Glover & Shepley, 127 Mo. 153; Jenkins v. Morrow, 131 Mo. App. 288; Church v. McIlhinney, 61 Mo. 540.

WOODSON, J.—This suit originated in the pro-
bate court of Holt county, by the appellants filing a
petition therein, the substance of which will presently
appear. It involves the question of the rights of the
partnership creditors of D. D. Perkins & Co., insolv-
ent, to have their partnership debts paid in full, out
of the partnership assets, before the payment of the
individual claims of one of the partners against the
copartnership.

The probate court decided that the partnership
debts must be paid first; and the member of the firm
having the individual claim against the firm appealed
the cause to the circuit court. That court reversed
the judgment of the probate court and the partner-
ship creditors appealed to the Kansas City Court of
Appeals. That court, by a divided opinion, reversed
the judgment and remanded the cause to the circuit
court and ordered it to enter judgment for the partner-
ship creditors. Upon a motion for a rehearing the
court adhered to its former ruling; but afterwards,
upon having its attention called to the fact that the
amount involved was in excess of its jurisdiction, it
certified the cause to this court for both of said rea-
sons.

The facts of the case are principally of record,
and are practically undisputed.

The statement of the facts of the case by counsel
are substantially correct, which are as follows:

"This cause originated in the probate court of
Holt county, Missouri, upon a petition filed by the
general copartnership creditors of the copartnership
of D. D. Perkins & Co., praying priority in the pay-
ment of their demands over that in favor of the estate
of D. D. Perkins, deceased, a member of the firm, out
of the partnership assets.

"Briefly stated, the firm of D. D. Perkins & Com-
pany, a copartnership composed of David D. Perkins
and Edmund Anibal was, prior to the death of the

said Perkins, engaged in the general mercantile business at the town of Craig, Holt county, Missouri. The firm was dissolved by the death of Perkins on November 30, 1907, and Edmund Anibal, the surviving partner, qualified and entered upon the duties of administration thereof. At the same time and in the same court, W. S. Thomson, the respondent herein, was appointed, qualified and entered upon the duties of administrator of Perkins' individual estate.

"Shortly thereafter, Edmund Anibal died and R. M. Guilliam and W. J. Randall were appointed by and qualified in said probate court as joint administrators *de bonis non* of said copartnership estate, and have since been and are now acting in that capacity. And C. W. Anibal was appointed and qualified in the same court as administrator of the individual estate of the said Edmund Anibal.

"Prior to his death, Perkins had paid out of his individual property certain liabilities of his firm in the aggregate sum of $7069.34; and the said W. S. Thomson, as his administrator, presented and had allowed in the said probate court in favor of Perkins' individual estate and against the copartnership estate, a demand for reimbursement in the said sum of $7069.34. Said demand and all other demands against said copartnership estate were presented and allowed during the first year of administration, and were by the court assigned, pursuant to the provisions of the individual classification statute, to the 'fifth' or first-year class of allowances.

"It was conceded in the trial in the court below that the said copartnership estate is insolvent, if the claim in favor of the individual estate of the said Perkins is allowed to be prorated therein with those of the general partnership creditors. Such fact of insolvency is also shown by the probate court records introduced in evidence; for while the report of the administrators under date of March 9, 1910, showing

the total amount realized from the entire partnership assets, after payment of certain expense items incurred by them, to be only $11,940.44 (as against $17,525.60 in allowed claims), had not been filed at the time of the trial, said records did then show that the entire estate was originally appraised at $19,222.67, and that $6905.35 thereof had been sold for only $1795.38, a depreciation from the appraised value of $5109.93, and the sale approved by the court. Supposing the balance of the estate to have realized its full appraised value, the result would give only $14,112.74, with which to pay $17,525.60 in allowed demands, after payment of all the expenses of administration, court costs and administrators' fees. But the admission of insolvency dispensed with any further proof thereof.

"So, also, the identity of the David D. Perkins of the copartnership and the David D. Perkins in favor of whose individual estate the claim in the sum of $7069.34 was allowed against the partnership estate, was also conceded at the trial, and fully established by the records and papers introduced in evidence.

"Said records also show that both of the individual estates of the said D. D. Perkins and the said Edmund Anibal are also insolvent.

"So that, all three of the estates, the copartnership estates of D. D. Perkins & Company and the individual estates of both of the members thereof, D. D. Perkins and Edmund Anibal, are insolvent and pending in administration before the same court, the assets of each to be distributed among its creditors in such order and proportion as they may be entitled thereto under the law, and as may be directed by appropriate orders of court.

"The question of priority in payment from the firm assets as between the demands of the general partnership creditors and that in favor of the firm member, was not at the time of allowance and classi-

fication raised or presented to the court, and the court did not then rule thereon, unless the fact of the allowance and the assignment of the claim to the fifth class of themselves constituted an adjudication of said priority. The court then simply allowed all the demands, because it found them all to be debts owing by the estate; and assigned them all to the 'fifth' or first-year class of demands, endeavoring to follow the provisions of the classification statute relating to estates of deceased persons and requiring all claims presented during the first year of administration to be assigned to the fifth class. No appeal was taken from such allowance and classification, and the question of the right of prior satisfaction in favor of the general firm creditors from the firm assets, was by these pending proceedings for the first time in this case presented to and specifically ruled upon by the court.

"There has been no distribution or previous order for distribution of any part of the copartnership estate or of either of said individual estates, and the whole of each is now in the hands of the administrators thereof, respectively, awaiting distribution among the allowed claims against each in such order and proportion as may be directed by the court.

"Upon the facts thus presented the probate court sustained the prayer of the petition and ordered that, in the distribution of said assets, the claims of the general partnership creditors have priority over that of the firm member; but, upon appeal to the circuit court, that court, upon authority of Cooper v. Duncan, 20 Mo. App. 355, reversed the ruling of the probate court and ordered that the claim in favor of the firm member be allowed to probate in the firm assets along with the general firm creditors. From this ruling of the circuit court this appeal is taken."

The record further shows that at the January term, 1908, of said probate court, the individual claim

of Perkins's estate against the partnership estate of D. D. Perkins & Co., was allowed for the sum of $7069.34 on February 11, 1908, and assigned to the fifth class.

That at the same term of said court the claim of Hundley Dry Goods Co. for the sum of $1453.43, that of Symms Grocery Co. for $1428.45, and that of White Cloud Milling & Elevator Co. for $598.14 were allowed by said court against the partnership estate of D. D. Perkins & Co. and assigned to the fifth class, all of which was done during the first year of the administration of the partnership estate.

That the petition of the partnership creditors asking the probate court to order the partnership debts be first paid, was not filed therein until the 18th day of December, 1909, about eighteen months after their claims had been allowed and classified, and after the lapse of some four or five terms of that court.

There is but one legal proposition presented by this record for this court to determine. Counsel for appellants contend and respondents concede that under the repeated rulings of this **Partnerships: Debts to Partner.** court, the partnership debts must be paid out of the partnership assets before the debts due by it to one of the members thereof can be lawfully paid. That rule has been announced in the following cases: Lyons v. Murray, 95 Mo. 23, l. c. 28; Ross v. Carson, 32 Mo. App. 148; Funk v. Seehorn, 99 Mo. App. 587, l. c. 598; 22 Am. & Eng. Ency. Law (2 Ed.), 195 and 196; and 30 Cyc. 542.

If this case turned solely upon the rule of law just announced we would be compelled to decide it in favor of the appellants without further ado; but counsel insist that the appellants are estopped from invoking that rule in this case, for the reason that the matter has been adjudicated.

Counsel for respondents state their position regarding the adjudication of the matter in substantially the following language:

The probate court is a court of record and when it has acquired jurisdiction of a cause and rendered judgment therein, its judgment is final and stands precisely upon the same ground as do judgments of the circuit court, and if not appealed from within the statutory period (which is during the term of the court, at which the judgment is rendered, or within ten days thereafter by residents of the county and twenty days thereafter by nonresidents thereof) then they cannot be impeached except for fraud, etc.; and according to that rule the judgment of the probate court of Holt county, rendered at the January term thereof for the year 1908, allowing and classifying appellants' claims, not having been appealed from within twenty days after the January term, 1908, thereof, became final; and the fact that Perkins was one of the copartners is no reason for disturbing the judgment or any part thereof, eighteen months after the judgment was rendered, and after the lapse of some six or seven terms of that court.

We are cited in support of this position the following cases: Cooper v. Duncan, 20 Mo. App. 355; Reavis v. Reavis, 135 Mo. App. 199; Moody v. Peyton, 135 Mo. 482.

It cannot be gainsaid that a final judgment of a probate court is as conclusive and binding when unappealed from as that of the circuit court. In fact, I do not understand counsel for appellants to controvert that proposition. Their contention is that the order of the probate court allowing and classifying demands against partnership estates, as between the creditors of the estate, is in no sense *res adjudicata*. Their contention is that the winding up and settlement of partnership estates in the probate court, like individual estates, is a proceeding in the nature of

a proceeding *in rem.* That is, a distribution of the partnership assets among the partnership creditors in the proportion that their respective claims bear to the sum total of the partnership assets; and in order to accomplish that end justly, *public notice,* not individual service, must be given of the proceedings, as required by statute, in order that the various creditors may have an opportunity to present and prove up their claims, which under section 97, Revised Statutes 1909, must be done within one year, and under paragraph five of section 190, Revised Statutes 1909, within one year, and if not presented within two years they are forever barred by section 191, Revised Statutes 1909.

Counsel for appellants, under the authority of said sections 98 and 190, had one full year within which to present and prove up their claims; and, therefore, it was optional with them when they appeared, just so it was within one year, provided they wished to get their demands assigned to the fifth class of claims.

There are four terms a year of the probate court of that county, and I believe for the year of 1908 there were the January, April, July and October terms; and appellants had the legal right to present and prove their claims at any one of those terms they deemed proper, whether the first or last, or at either of the other two. Had they appeared at the last term of the court and then proven up their claims they would have stood upon precisely the same footing and equality as though they had proved them up at the first term of the court, as they in fact did; nor would their rights have been affected by the fact that respondents proved up their claims at the first term, as they did.

There is no question but what that contention is true, because the statute in express terms provides that all claims of this character presented and proven dur-

ing the first year shall be assigned to the fifth class
and paid equally in proportion, etc.

Predicated upon that incontestable legal proposi-
tion, counsel for appellants insist that the very na-
ture of the allowances made and the period of time in
which they may be presented conclusively show that
the term of the court at which the claims are allowed
cuts no figure whatever as to the character of the claims,
nor as to their priority or equality, those matters being
controlled by the year in which they are presented and
allowed, and therefore the orders of the probate court
allowing and classifying demands against estates have
but little, if anything, in common  with  judgments
rendered by the circuit court.   That there the char-
acter as well as the priority of the judgment is estab-
lished at the term of the court at which it is rendered,
and not by the year.   We fully agree with this insist-
ence, as between the same class of demands against
an estate.

From this it is apparent that if respondents' con-
tention is sound, then, as in their case, where they
proved up their claims during the first or January
term, 1908, of the probate court, their judgment would
and did become final and incontestable as to classifica-
tion ten days after the lapse of that term, even as
against those who were not required by the notice of
publication to appear or present their claims for allow-
ance before the beginning of the fourth, the October
term, 1908, of said court, there being four terms of
said probate court each year.   This contention of re-
spondents receives support from neither the letter nor
spirit of the statute.

It would be folly for this court to hold that the
law imperatively required the appellants to appear and
appeal from each and every claim allowed against the
estate, though unjust they may be, during the three
first terms of the court, from three to nine months
prior to the time allotted them to appear, and present

their claims, which alone gives them standing in the court for any, purpose.

If respondents' construction of the statute regarding the allowance and classification of claims against partnership estates is correct, then, in my opinion, such statute would clearly be unconstitutional, null and void, because it would take appellants' property from them without due process of law.

In my opinion those statutes mean just what the plain language thereof states, namely, that as between the creditors and the administrator of the estate, the orders of the probate court allowing and classifying demands against an estate are judgments, the same as any judgment rendered by the circuit court, but not so as between creditors of the same class, regardless of the term at which their claims are allowed, provided they are allowed during the first year.

Those statutes have nothing whatever to do with the rights of partnership creditors to have their claims paid first out of the partnership assets. Those matters are governed entirely by the common law and principles of equity, as is conclusively shown by the numerous cases decided by this court and courts of other States, cited by counsel for both parties. Not a case to the contrary has been cited or can be found in the absence of an express statute to the contrary, and I have been unable to find such a statute.

From the foregoing observations it seems clear to me that until final distribution has been made of the assets of a copartnership, there being no final judgment as between themselves, as previously shown, that is, those belonging to the same class, it is never too late to move the court to order the administrator to pay the allowances according to priority of right and equity, to have the assets applied to the payment of their claims.

And this conclusion is in no manner weakened or changed by the principle of law advanced by counsel for the respondents to the effect that appellants

should have appealed from the order of the probate court placing their claims in the fifth class, without giving them preference over individual claims, for two reasons; first, for the reason that (while in this particular case the appellants had *time* to appeal because their claims, by chance, were allowed at the same term of court, at which respondents' claims were allowed) but that does not change the rule of law contended for, because had they been presented at any one of the other three terms in that year, which they had a perfect legal right to do—as much so as at the first term—*they would not have had the time* in which to have taken an appeal for the reasons (according to respondents' own contention) if true, an appeal would not lie from the order allowing and classifying claims unless taken at the term at which the claim was allowed or within ten days thereafter; and, second, for the reason that even though an appeal should have been taken and successfully prosecuted, appellants' and respondents' claims would still have been assigned to the same—the fifth—class, and there is no statutory law that we have been cited to, which authorizes the court to give certain claims of the fifth class or of any other class for that matter, preference over certain other claims of the same class. That preference is given by the common law and the principles of equity. [Hundley v. Farris, 103 Mo. 78, l. c. 86; Level v. Farris, 24 Mo. App. 445, l. c. 461; Ault v. Bradley, 191 Mo. 709, l. c. 731; Rodgers v. Meranda, 7 Ohio St. l. c. 292; Irby v. Graham, 46 Miss. 425; Smith & Co. v. Mallory, 24 Ala. 628; Black's Appeal, 44 Pa. St. 503.]

And it must necessarily follow from the rulings in these cases that the principles before stated regarding the administration of partnership estates must and do apply until final distribution of the assets is made in such cases.

264Mo39

Entertaining these views we are of the opinion that the judgment should be reversed and the cause remanded to the circuit court with directions to enter judgment for appellants, as prayed for by appellants, and as adjudged by the probate court, and to certify the judgment to the probate court in the manner provided for by statute, in such cases.

All concur; *Bond, J.,* in the result.